QUINCY F. NEAL, Adm'r., &c. v. JOSIAH COWLES and others.

If the record of the Court below is false, it cannot be corrected in this Court.

A defendant, by a motion to re-hear a former judgment of this Court, cannot call on the Court to specifically perform a contract of compromise, alleged to have been made between the parties in the Superior Court.

MOTION to rehear a judgment of this Court, rendered at the last January Term, 1874, in an action between the same parties reported in 70 N. C. Rep.

All the facts and the grounds upon which the motion to rehear is founded, are fully contained in the opinion of Justice RODMAN and in the report of the case above alluded to.

*Batchelor* for the petitioners (defendants.)
*McCorkle & Bailey*, contra.

RODMAN, J. This is an application to rehear a judgment of this Court at January Term, 1874, reported 70 N. C. Rep.

It is not contended that there was any error in that judgment upon the record then before the Court. In order to understand the ground of the present application, it is necessary to recite as briefly as possible the record of the action.

The action was upon a note for $2,000, dated 2d March, 1863, and payable thirty days after demand, or sooner, "if we" (the obligors) "prefer," &c. The case was tried at Fall Term, 1870, and the jury found that the note was made by defendants, that it had not been paid, and that it should be paid according to the scale of Confederate currency for 21st March, 1864. No judgment appears from the record before this Court at January Term, 1874, to have been entered at the term when the verdict was found. But plaintiff moved for judgment for the value of the note according to the scale at its date, notwithstanding the verdict. This motion was continued from term to term,

until a Special Term in August, 1873, when the Court denied the plaintiff's motion, and it must be presumed gave judgment for plaintiff according to the scale of 21st March, 1864. From this judgment the plaintiff appealed to this Court, which allowed the plaintiff's motion, and gave judgment for plaintiff according to the scale of March, 1863.

The defendant now alleges:

1. That he had no notice of the appeal by plaintiff from the judgment of August, 1873. But it appears of record that notice of the appeal was received. If the record is false in that respect, it cannot be corrected in this Court. The defendant may perhaps have a remedy against the clerk for his false entry. On this we express no opinion. But while the record so stands it cannot be contradicted here.

2. That at Fall Term, 1870, (when the jury rendered their verdict as aforesaid,) it was agreed between the defendant and the counsel for plaintiff, that by way of compromise, the judgment should be entered according to the verdict applying the scale of March, 1864, and that the judgment was accordingly so entered, and he produces an extract from the records of the Superior Court of that term showing a judgment for $111.83, of which $97.38 is principal, which extract is certified by the clerk of the Court. No explanation is given to show how this extract or additional piece of record is consistent with the rest of the record which shows that at that term the plaintiff moved for judgment according to the scale of 1863. It does not appear that this judgment received the sanction or was ever brought to the notice of the Judge. Perhaps it was made upon an understanding of compromise, which was afterwards broken, in which case the defendants remedy would be by action for breach of the contract. But we conceive it is not necessary for us to inquire how this entry of judgment was made, or what might be its effect if it stood unaffected by the subsequent action of the Court. It is clear that the action of the Court at the same term in permitting a motion for a different judgment to be made and entered of record and continued, and its action in

August, 1873, in giving another judgment, could only have been upon the idea that the judgment in question was not final but remained *in fieri*, until the final decision on the plaintiff's motion in August, 1873. This is the necessary conclusion from the whole record. And this conclusion is confirmed by the fact that it does not appear that upon the hearing of the plaintiff's motion in August, 1873, the defendant claimed that any final judgment had already been entered, which would have been a complete answer to plaintiff's motion.

The judgment which the Judge gave at August Term, 1873, did not profess or appear to be a judgment agreed on by the parties, but did appear to be the judgment of the Judge upon applying the law as he conceived it to the facts found by the verdict. It thus ignored or repudiated the supposed compromise judgment, and proves either that that judgment had never received the sanction of the Court, or else that the Judge impliedly set it aside. It seems to us that the defendants have had a fair hearing upon the merits of their case, and if every fact which they now allege had been (as in fact every material one was) called to the attention of this Court at January Term, 1874, the conclusion would have been the same. The only new fact which can be conceived to be of any importance in bearing on the decision, is that of the alleged compromise which was not executed but remained executory, and upon that the defendants may have a remedy by action, if they can make out a sufficient case. But they cannot call on this Court by a motion to rehear the former judgment to specifically perform the contract of compromise. We cannot try the facts of an agreement between parties in the Superior Court. We must take the record as being true, and if apparently somewhat inconsistent, must put such reasonable construction upon it as will harmonize the various parts.

PER CURIAM. Motion to rehear refused. The mover will pay costs in this Court.