COMMONWEALTH *vs.* JOHN MAHONEY.

Suffolk. June 19. — 22, 1874. COLT & AMES, JJ., absent.

A defendant who pleads guilty to a complaint in the Municipal Court, and appeals to the Superior Court, is not entitled to a trial by jury, and unless the plea is withdrawn by special leave of court, or a motion is interposed in arrest of judgment for legal defects apparent on the record, the government is entitled to have sentence passed.

---

COMPLAINT on the St. of 1869, *c.* 415, §§ 31, 36, to the Municipal Court of the city of Boston averring that the defendant, on January 20, 1874, kept intoxicating liquors with intent to sell the same.    The defendant pleaded guilty in the Municipal Court and was sentenced, but appealed.

In the Superior Court the district attorney moved for sentence ; the defendant objected and claimed a trial by jury.    The objection was overruled by *Wilkinson,* J., and the defendant excepted.

*A. O. Brewster,* for the defendant.

*C. R. Train,* Attorney General, *&* *W. G. Colburn,* Assistant Attorney General, for the Commonwealth.

GRAY, C. J.    A defendant in a criminal case, who has once pleaded to the charge against him, has no right to withdraw his plea, but is confined to the issues of law or fact thereby raised or left open, unless the court in which the case is pending sees fit to exercise the discretion of allowing him to withdraw it and plead anew.    If he appeals from a judgment against him in the court in which his plea is first made, the appeal indeed vacates the judgment, but it does not multiply his grounds of defence or enlarge the issue once joined between the Commonwealth and himself.    The same defences are open to him in the appellate court as in the court below, and no other.    *Commonwealth* v. *Blake,* 12 Allen, 188.    If he pleads guilty upon his first arraignment, and his plea is received by the court and recorded, it is an admission of all facts well charged in the indictment or complaint, and a waiver of his right of trial by jury thereon, and, unless withdrawn by special leave of court, or a motion is interposed in arrest of judgment for legal defects apparent on the record, leaves nothing to be done but to pass sentence.    Gen. Sts. *c.* 158, § 5. *Commonwealth* v. *Winton,* 108 Mass. 485.

*Exceptions overruled.*