STATE v. RICHARD STEWART.

*Trial by Jury, cannot be waived in state cases.*

1. A trial by jury in a criminal action cannot be waived by the accused.

2. On trial of an indictment for an assault and battery, a jury trial was waived and the court, by request, found the facts and declared the law arising thereon ; *Held,* that such a procedure is not warranted by law, and the case will be remanded for trial.

(*State* v. *Moss*, 2 Jones, 66, cited and approved).

INDICTMENT for an assault and battery, tried at Spring Term, 1883, of STOKES Superior Court, before *Graves, J.*

The assault is charged to have been committed with a deadly weapon.   The defendant pleaded not guilty and former conviction.

A jury trial was waived, and the court was requested to find the facts, and they were found by the court to be as follows:

The defendant, within the last two years, assaulted Alexander Golding (named in the indictment) above the left eye, inflicting two wounds a half inch long, and cutting to the bone, which wounds had the appearance of being made with the knuckles of a man's hand; and in consequence of said wounds, the eye of said Golding was greatly swollen, so that he could not see out of it for three days.   It was further found that there was no deadly weapon, and that within six months after said assault, a justice of the peace took final jurisdiction of the matter, and tried and convicted the defendant.

Upon these facts it was agreed that if in law the defendant is

guilty, then there should be a verdict of guilty; but if in law he is not guilty, then there should be a verdict of not guilty.

The court, being of opinion that the defendant was guilty, and that the court had jurisdiction, and the justice of the peace had no jurisdiction because of the serious injury done, directed a verdict of guilty to be entered.

Thereupon the defendant moved in arrest of judgment for defects in the indictment, and especially that the bill did not set out that there was serious injury done, and did charge that the assault was made with a deadly weapon to the jurors unknown, and omitted any name or description of such weapon. The motion was sustained; judgment arrested; appeal by the state solicitor.

*Attorney-General*, for the State.
No counsel for the defendant.

ASHE, J. It is a fundamental principle of the common law, declared in "*Magna Charta*," and again in our Bill of Rights, that "no person shall be convicted of any crime but by the unanimous verdict of a jury of good and lawful men in open court." Art. I, §13. The only exception to this is, where the legislature may provide other means of trial for petty misdemeanors with the the right of appeal—Proviso in same section. This is not one of the petty misdemeanors embraced in the proviso; and if it was, no such means of trial as that adopted in this case has been provided by the legislature. The court here has undertaken to serve in the double capacity of judge and jury, and try the defendant without a jury, which it had no authority to do, even with the consent of the prisoner. 1 Bish. Cr. Law, §759.

The action of the court in this respect was in violation of the constitution, and in subversion of a fundamental principle of the common law. *State* v. *Moss*, 2 Jones, 66.

There is error. The case must be remanded to the superior

court of Stokes county, that it may be proceeded with by a jury trial according to the regular practice of the court.

Error.                                    Reversed and remanded.