### STATE v. E. W. STAFFORD.

*Assault and Battery—School-Teacher—Pupil.*

1. A discretionary power in the infliction of punishment upon pupils is confided to schoolmasters and teachers, and they will not be held criminally liable unless the punishment results in permanent injury, or be inflicted merely to gratify their own evil passions.

2. A warrant which charges that the defendant " did unmercifully whip " a child, "inflicting serious bruises on her person," sets out a battery, though the *quo animo* is not charged. Should the defence be set up that it was inflicted by a teacher on his pupil, it can be invalidated by proof of malice or anger or excessiveness.

3. The words in the warrant, "inflicting bruises on her person," is not a sufficient allegation of serious injury to deprive the Justice of jurisdiction.

4. The trial in the Superior Court on appeal from a conviction in a Justice's Court being *de novo*, it is competent for the Judge, in his discretion, to impose a heavier or lighter penalty than the sentence of the Justice, provided the punishment does not exceed the limit which the Justice might have imposed.

This was a CRIMINAL ACTION, tried before *Whitaker, J.,* and a jury, at March Term, 1893, of MOORE Superior Court.

The action was commenced in a Justice's Court for an assault and battery upon one Anna B. Black, and the defendant was convicted, and appealed.

The evidence disclosed the fact that defendant was a school-teacher and Anna B. Black was one of his pupils, and that the defendant whipped the said Anna B. Black.

The evidence on the part of the State tended to show that the punishment was immoderate and was inflicted to gratify defendant's malice, and out of anger. The evidence on the part of the defendant tended to show that the punishment was moderate and was not inflicted out of malice or anger on the part of defendant.

At conclusion of State's evidence, defendant's counsel moved to dismiss the action, because the Court had no juris-

diction.   Motion was overruled by the Court, and defendant excepted.

At the conclusion of defendant's evidence, counsel for defendant moved to dismiss the action for want of jurisdiction, and this motion was overruled, and defendant excepted.

His Honor left the case to the jury, with appropriate instructions as to the law and the evidence in the case.   There were no exceptions to the instructions to the jury.   There was a verdict of guilty.   Judgment of the Court as appears in the record.   Defendant appealed to the Supreme Court.

*The Attorney General,* for the State.
No counsel, *contra.*

CLARK, J.:  The defendant, a school-teacher, was convicted before a Magistrate for whipping one of his scholars, and find $40.   On appeal to the Superior Court he was again convicted, and was fined by the Judge $50.   There were no exceptions to evidence, nor to the charge.   The only exception taken was to the refusal of a motion to dismiss, made upon the ground of want of jurisdiction.

We were not favored with an argument on behalf of defendant.   It may be that the motion to dismiss was based on the ground that the Courts have no jurisdiction in cases of chastisement inflicted by teachers upon their pupils.   In *State* v. *Pendergrass,* 19 N. C., 365, it is held that the law confides to schoolmasters and teachers a discretionary power in the infliction of punishment upon their pupils, and will not hold them criminally responsible, unless the punishment be such as to occasion permanent injury to the child, or be inflicted merely to gratify their own evil passions.   Here the warrant charges that the defendant " did unmercifully whip " the child, " inflicting bruises on her person."   It is not necessary that the *quo animo* should be charged.   The warrant sufficiently sets out a battery.   When the defence is set up

that it was inflicted by a teacher upon his pupil, this defence can be invalidated by proof of malice or anger or excessiveness.

The case on appeal states that there was evidence "tending to show that the punishment was immoderate, and was inflicted to gratify defendant's malice, and out of anger." There was evidence for defendant tending to show the contrary, but the case states that the Court left the conflicting evidence to the jury, with appropriate instruction, to which no exception was taken. The *quo animo* thus passed upon by the jury distinguishes the facts of this case from those in *State* v. *Pendergrass, supra.*

If the objection to the jurisdiction proceeded on the ground that the Magistrate had no jurisdiction, it is sufficient to say that there is nothing in the warrant, nor in the evidence, to oust his original jurisdiction. The words in the warrant, "inflicting bruises on her person," is not a sufficient allegation of serious injury to deprive the Justice of jurisdiction. The evidence, as far as set out, falls far short of the facts in *State* v. *Huntley,* 91 N. C., 617.

The trial in the Superior Court being *de novo,* it was competent for the Judge, in his discretion, to lay a lighter or heavier penalty than the sentence of the Justice, provided, of course, he did not exceed the limit of punishment which the Magistrate could have imposed. *State* v. *Johnson,* 94 N. C., 863.                                No Error.