STATE v. BILLY McDANIEL et al.

*Indictment for Murder—Instructions to the Jury—Murder in the First Degree—Intoxication as a Defence.*

1. A charge to the jury, on the trial of defendants for murder, that "the question of the lives and deaths of the defendants is in your hands; you must act honestly, conscientiously and *fearlessly,*" is not erroneous.

2. On the trial of defendant for murder, it appeared that on the night of the killing defendant declared that, if deceased should go home with H. he would kill deceased; that, in company with another, he went to the house of H., where deceased was, drew his pistol and informed H. that he intended to kill deceased as soon as he opened the door; that he then told his companion to "do what he told him," whereupon the latter opened the door, and defendant shot the deceased twice, inflicting wounds from which he died: *Held,* that an instruction to the jury that defendant was guilty of murder in the first or second degree, or not guilty, and that the killing was not excusable, justifiable, accidental or manslaughter, was not erroneous.

3. An instruction that if one charged with murder had deliberately formed the intention to kill the deceased, and did so, the fact that defendant was drunk will not make the crime murder in the second degree.

4. On a trial for murder an instruction that, notwithstanding the intoxication of defendant at the time of the killing, "if you (the jury) are satisfied beyond a reasonable doubt that the defendant had mind sufficient to plan or form a design to kill the deceased, that he deliberated and premeditated upon the killing in consequence of his formed design, then the fact of the intoxication of the defendant would not justify him, but your verdict should be murder in the first degree," was not erroneous.

STATE *v.* McDANIEL.

Indictment for murder, tried before *Jones, J.,* and a jury, at October Term, 1894, of the Criminal Court of BUNCOMBE County, and the following are the defendant McDaniel's exceptions to his Honor's charge to the jury:

1. His Honor charged the jury, among other things, as follows: "The question of their lives and deaths is in your hands. You must act honestly, conscientiously and *fearlessly.*" To which McDaniel excepted.

2. His Honor charged the jury, among other things, as follows: "As in my *opinion* there are no facts in this case from which you can infer that the killing was excusable, justifiable, accidental or manslaughter, I shall not define the law in regard to said offences, or give you the definitions. So, according as you shall find the facts to be, the prisoners are either guilty of murder in the first degree, murder in the second degree, or not guilty." To which the defendant McDaniel excepted.

3. His Honor charged the jury as follows: "A man may be intoxicated, and still have mind enough to plan, deliberate and premeditate. If the intention to kill is deliberately formed, is premeditated, then the mere fact that the defendant was drunk, will not make the crime murder in the second degree." To which the defendant McDaniel excepted.

4. His Honor charged the jury as follows: "The Court charges you that if any of the evidence is sufficient to raise in your minds a reasonable doubt as to whether the defendant Billy McDaniel formed a deliberate, premeditated design to kill the deceased, then it is your duty to give him the benefit of such reasonable doubt, and he cannot be convicted of murder in the first degree, but only in the second degree, and your verdict should so be." To which the defendant McDaniel excepted.

5. His Honor charged the jury as follows: "If, notwithstanding the fact that you may believe that the defendant was intoxicated, you are satisfied beyond a reasonable doubt

that he had mind sufficient to plan a formed design to kill the deceased, that he deliberated and premeditated upon the killing in consequence of his formed design, deliberation and premeditation, then the fact of the intoxication of the defendant would not even then justify him, but your verdict should be murder in the first degree." To which the defendant McDaniel excepted.

*Attorney General,* for the State.
No counsel, *contra.*

SHEPHERD, C. J.: Both of the prisoners were convicted of murder in the first degree, but as no exceptions were taken or errors assigned by the prisoner Webb, and no error appearing on the face of the record, the judgment below must, as a matter of course, be affirmed as to him.

We need therefore only consider the exceptions of the prisoner McDaniel—

1. His Honor, among other things, charged the jury: " That the question of their (the prisoners') lives and deaths are in our hands. You must act honestly, conscientiously and fearlessly." We are at a loss to understand how these remarks could have prejudiced the prisoners, as they declare a standard of duty which every person on trial is interested in having impressed upon the jury.

2. Equally untenable is the objection to the instruction that there was no evidence warranting a verdict " that the killing was excusable, justifiable, accidental or manslaughter," and that the prisoners were either not guilty or were guilty of murder in the first or second degree. It appears that on the night of the homicide, and a short while before it occurred, the prisoner McDaniel declared that if the deceased went home with Hannah Winters he would kill him ; that, accompanied by the prisoner Webb, he went to the house where the deceased was, and that he drew his

STATE *v.* McDANIEL.

pistol and informed "her" (we suppose the said Hannah) that he intended to kill the deceased as soon as he opened the door. It further appears that he then told Webb to "do what he told him to do," whereupon Webb opened the door and McDaniel shot the deceased twice, inflicting the wounds of which he died. It is too plain for argument that, under this testimony, the prisoner McDaniel was guilty of murder in the first or second degree, as charged by the Court.

3, 4 and 5. The remaining three exceptions are addressed to the instruction relating to the element of intoxication as affecting the degree of murder under our recent statute. There surely can be no objection to the instruction that if the jury had a reasonable doubt as to whether McDaniel formed a deliberate, premeditated design to kill the deceased, it was their duty to give the prisoner the benefit of such doubt, and to convict only in the second degree. Neither can there be any question as to the correctness of the following instruction : " A man may be intoxicated and still have mind enough to plan, deliberate and premeditate. If the intention to kill is deliberately formed, is premeditated, then the mere fact that defendant was drunk will not make the crime murder in the second degree." His Honor was therefore correct in charging that, notwithstanding intoxication, " if you are satisfied beyond a reasonable doubt that he had mind sufficient to plan a formed design to kill the deceased, that he deliberated and premeditated upon the killing in consequence of his formed design, deliberation and premeditation, then the fact of the intoxication of the defendant would not even then justify him, but your verdict should be murder in the first degree." We regard the principles embodied in the instruction as so well settled as to dispense with the necessity of discussion. We will refer, however, to Wharton on Homicide, 369–371, in which the charge of the Court is fully sustained. We have scrutinized the

record with the care which the gravity of the offence demands, and we are of the opinion that the judgment must be affirmed.                                         Affirmed.