STATE v. GREELY PASLEY.

(Filed 4 November, 1920.)

**Criminal Law—Costs—Conviction—Trial by Jury—Justice's Court—Appeal—Superior Court—Courts—Constitutional Law.**

An appeal from a court of a justice of the peace by the defendant in a criminal action, carries with it the constitutional right to a trial by jury in the Superior Court, where the trial is *de novo*, and the latter court may not affirm that part of the justice's judgment taxing the defendant with cost, over his objection, without conviction before the jury upon the merits of the case. Constitution of N. C., Art. 1, secs. 13 and 2.

APPEAL by defendant from *Ray, J.,* at Spring Term, 1920, of ASHE.

*Attorney-General Manning* and *Assistant Attorney-General Nash* for the State.
*Charles B. Spicer* for defendant.

WALKER, J. The defendant was charged, in a criminal proceeding before a justice of the peace, with unlawful trespass upon land; that is, entering thereon after having been forbidden to do so. Upon conviction, he appealed to the Superior Court, where the case seems to have taken a peculiar course. There was negotiation between the parties

for a settlement of the controversy, but they could not agree as to the final terms, defendant refusing to pay the costs. The court affirmed the judgment of the justice as to the costs against the consent of defendant, and without allowing him a jury trial, and he thereupon appealed to this Court.

When an appeal is taken in a criminal action before a justice, of which he has jurisdiction, the trial in the upper court is *de novo*. *S. v. Koonce,* 108 N. C., 752.

The judgment in the Superior Court was no doubt entered by the judge in a laudable attempt to settle a small matter, which was really cumbering the docket and delaying the court. Section 11 of Article I of the Constitution, so far as material, provides: "In all criminal prosecution, every man has the right not to be compelled to pay costs, jail fees, or necessary witness fees of the defense, unless found guilty." See *S. v. Cannady,* 78 N. C., 539, and *S. v. Hicks,* 124 N. C., 829. The general rule is that when the subject-matter of an action has been disposed of by compromise, destruction of the property, or otherwise, this Court, on appeal, will not pass upon the merits of the original matter in litigation to ascertain which side in law ought to have won, in order merely to decide who shall pay the costs. This rule, however, does not apply to an appeal in a State case where the appeal involves the enforcement of a constitutional right. *S. v. Horne,* 119 N. C., 853. As it is clear from the record that there was no proper conviction of the defendant in the court below, we are unable to sustain the action of the judge, by any substantial reasoning.

Article I, section 13, of the Constitution says: "With right of appeal." And this Court has held in the case of *S. v. Brittain,* 143 N. C., 668, that when a defendant asserts his right of appeal, and the case comes up in the Superior Court, the defendant's right of trial by jury, as guaranteed by the Constitution, is preserved to him.

It makes no difference what the real issue is, so that the charge involves the commission of a crime for which he can be punished and made to pay the costs.

For refusing to allow the defendant a hearing by a jury, his Honor erred, and the defendant is entitled to a new trial.

The judgment will be set aside, and a new trial by jury ordered.

New trial.