## STATE v. J. S. PULLIAM.

(Filed 1 November, 1922.)

**1. Constitutional Law—Trial by Jury—Criminal Law—Facts Agreed.**

In order for a conviction of a criminal offense, including misdemeanors, it is required by Article I, section 13, of our State Constitution that the final sentence be upon a "unanimous verdict of a jury of good and lawful men in open court," etc., and the accused cannot be lawfully convicted otherwise, though he has agreed with the solicitor upon the facts in the case, under a plea of not guilty, and the judge has found him guilty upon the agreed facts, as a matter of law, and imposed a sentence.

**2. Same—Inferior Courts—Superior Court—Trial de Novo.**

The right to a trial by jury in a criminal action is preserved to the accused by the statutory requirement of a trial *de novo* in the Superior Court on appeal from a court of subordinate jurisdiction, and conviction in the Superior Court cannot be had unless upon the verdict of the jury, in accordance with the provisions of Article I, section 13, of our Constitution. Const., Art. I, sec. 12.

**3. Same—Appeal and Error.**

While the sentence in this criminal action was unlawfully imposed by the Superior Court upon the facts agreed, and the judgment is set aside,

the Supreme Court, on appeal, passes upon the legal inferences upon which it is founded, under the reasons stated in *S. v. Wells*, 142 N. C., 596.

**4. Statutes—Sunday—Transaction of Business.**

An act which makes it a crime to expose for sale or selling, or offering for sale, on Sunday, any goods, etc., within four miles of an incorporated city, etc., and in the same sentence, divided by a semicolon, prohibits the keeping open of any store, etc., on Sunday, does not permit the keeping open of the store for the sole purpose of running a restaurant therein on Sunday, for the sale of food, etc., though the latter may not be of itself unlawful, when conducted in a separate place of business.

**5. Constitutional Law—Statutes—Transaction of Business.**

A statute which prohibits as a criminal offense the exposing of goods, merchandise, etc., for sale, and keeping open of a store on Sunday, except for the sale of drugs, etc., is constitutional and valid.

APPEAL by defendant from *Brock, J.*, at July Term, 1922, of FORSYTH.

The defendant was prosecuted in the municipal court of the city of Winston-Salem, the charge against him being that "at and in the county aforesaid, and within the corporate limits of the city of Winston-Salem, or within one mile of the corporate limits of the city of Winston-Salem, he did unlawfully and willfully keep his store, shop, fruit stand, ice-cream stand, or soft-drink stand open on Sunday, for the purpose of the sale of goods, merchandise, and soft drinks, and did sell coca-cola and other soft drinks on Sunday, against the statute in such cases made and provided, and against the peace and dignity of the State, and in violation of the city ordinance." At the trial he was found guilty by the court, without a jury, adjudged to pay a fine of $10 and costs, from which judgment he appealed to the Superior Court, in which he was tried upon a case agreed upon by the solicitor and the defendant's attorney, wherein the following facts are stated: "That the defendant's place of business is outside of the corporate limits of the city of Winston-Salem, N. C., and within one mile of said corporate limits. That he ran and operated, and had license to do, a cafe business, serving food and lunches; ran and operated, and had license to run and operate, a cigar stand, and sell to-bacco products; that he ran a soft drink stand and sold coca-cola and other soft drinks during the week days. That on Sunday, 9 July, 1922, between 11 and 12 o'clock a. m., the defendant was running his cafe and selling food and ice-cream to his guests. That he was selling ice-cream on the porch in front of his cafe or store to any person who chose to buy. The store was open and there were groceries on his counter, and soft drinks in cases exposed to view of his customers. That said groceries and soft drinks were in the same place in said building on said Sunday as on other days of the week, all of said business being in the same room.

There is no proof that he sold or offered to sell on said Sunday anything but food and ice-cream to his customers."

The defendant was convicted in the Superior Court, but without a jury, the judge alone passing upon the facts, and adjudging therein that he pay a fine of $15 and the costs, from which judgment he appealed.

*Attorney-General Manning and Assistant Attorney-General Nash for the State.*

*Raymond G. Parker for defendant.*

WALKER, J.　This was a criminal action heard on appeal from the municipal court of the city of Winston-Salem, by Brock, J., at the July Term, 1922, of the Superior Court of Forsyth County. The warrant in the municipal court, upon which the criminal action in. that court was founded, charges an offense against chapter 320 of the Public-Local Laws of 1919, as amended by chapter 200 of the Public-Local Laws of the Extra Session of 1920. The act is commonly known as the "Forsyth County Sunday-closing law," and was considered by this Court, before the amendment of 1920, in *S. v. Shoaf,* 179 N. C., 744. The original act is C. S., 3957.

Without waiving expressly or specifically a jury trial, the solicitor and the attorney for defendant submitted the question involved herein to Judge Brock for his decision upon a case agreed, without either a general or special verdict of a jury.

We have been unable, after a careful search, to find any case in this Court which permits a defendant to waive a trial by jury in a criminal action in the Superior Court, but several to the contrary. *S. v. Stewart,* 89 N. C., 563; *S. v. Holt,* 90 N. C., 753; *S. v. Scruggs,* 115 N. C., 807; *S. v. Wells,* 142 N. C., 596.

Section 13 of Article I of the Constitution is as follows: "No person shall be convicted of any crime but by the unanimous.verdict of a jury of good and lawful men in open court. The Legislature may, however, provide other means of trial for petty misdemeanors with the right of appeal."

The fact that a right of appeal was given where the defendant was convicted in the lower court without the intervention of a jury has generally been regarded as a sufficient reason, in support of the validity of such trials without a jury in the inferior tribunal, as by appealing the defendant secures his right to a jury trial, in the Superior Court, and therefore cannot justly complain that he has been deprived of his constitutional right.

The act of the General Assembly, under which the municipal court of Winston-Salem was established, expressly provides that "any person

convicted in said court shall have the right of appeal to the Superior Court of Forsyth County, and upon such appeal the trial in the Superior Court shall be *de novo.*"

The offense here, of course, is a petty misdemeanor, but this Court has held that the expression used in the Constitution "with right of appeal" confers upon the defendant, when the appeal is taken, the right of trial by jury in the Superior Court, as will appear from these cases: *S. v. Lytle,* 138 N. C., 738; *S. v. Brittain,* 143 N. C., 668; *S. v. Hyman,* 164 N. C., 411; *S. v. Tate,* 169 N. C., 373; *S. v. Pasley,* 180 N. C., 695. See, also, *S. v. Rogers,* 162 N. C., 656.

Construing section 12 of Article I with section 13, the Court has held that on these appeals from subordinate courts having jurisdiction of the subject-matter of a criminal action, a bill of indictment need not be sent in the court above against the defendant. When, however, a case reaches the Superior Court on appeal, it is heard *de novo,* as we have said, and, as a consequence, the right of a jury trial is secured thereby, according to the cases we have just cited.

*Justice Hoke* said, in *S. v. Wells,* 142 N. C., at p. 595, 596: "While we have expressed our opinion on the main question, the right of the defendant to enter on the land, because the parties desired to present it, and in the hope that this opinion will end the controversy, we must not be understood as approving the method of procedure by which the guilt of the defendant was determined upon in the court below—a trial by a judge without the aid of a jury. Two decisions of this Court—*S. v. Stewart,* 89 N. C., 564; *S. v. Holt,* 90 N. C., 749—have held that in the Superior Court, on indictment originating therein, trials by jury in a criminal action could not be waived by the accused. We do not decide whether this principle applies in the present case, but, for the error pointed out, we direct that a new trial be granted, to the end that the facts found by the judge be set aside as insufficient to present the question of defendant's guilt or innocence, and defendant be tried in accordance with the law."

And in another case (*S. v. Holt,* 90 N. C., at p. 753) involving the right of trial by jury, upon facts substantially similar to those appearing in the present record, *Justice Merrimon* commented at large upon the constitutional right of trial by jury, with special reference to its waiver expressly or impliedly by the defendant. We reproduce what he said, but not literally, though we will give the substance of it fully, as it is stated with great clearness and force, and its strong bearing upon the question we now have before us will instantly be seen. He said, among other things, it is the province, and the duty, of the courts to keep strict watch over and protect fundamental rights, in all matters that come before them. Those who administer the law should never

forget that decided cases make precedents, precedents oftentimes of little moment in themselves, but which, in their accumulated power may, in some emergency, overturn principle and subvert the rights of many people. A distinguished judge and law-writer, in commenting upon the great excellence of trial by jury, thus points out the evil to which we advert: "So that the liberties of the people cannot but subsist so long as this palladium remains sacred and inviolable, not only from all open attacks (which none will be so hardy as to make), but also from all secret machinations, which may sap and undermine it by introducing new arbitrary methods of trial by justices of the peace, commissioners of the revenue, and courts of conscience. And however convenient these may appear at first (as doubtless all arbitrary powers, well executed, are the most convenient), yet let it be again remembered that delays and little inconveniences in the form of justice are the price that all free nations must pay for their liberty in more substantial matters; that these inroads upon the sacred bulwark of the Nation are fundamentally opposite to the spirit of our Constitution, and that, though begun in trifles, the precedents may gradually increase and spread, to the utter disuse of justice, in questions of the most momentous concern." And proceeding, *Justice Merrimon* further said: "These observations are not made so much with reference to this particular case as for counteracting what seems to be a tendency in this State to ignore, sometime in matters of moment, trial by jury, in cases where, under the Constitution a trial must be had in that way. The case of *S. v. Stewart,* 89 N. C., 563, was like this in its material features, except that in that case a trial by jury was expressly waived, and the court was requested to find and did find the facts. Cooley on Const. Law., 239; *Cancemi v. People,* 18 N. Y., 128. There was not the remotest purpose in that case, we are sure, to infringe the right of trial by jury in a criminal action, but for convenience sake, and to save time (because the facts were not disputed), the facts of the case were agreed upon by the State and the defendant, and submitted to the judge, instead of letting a jury hear the evidence, and render a verdict upon the issue, or find a special verdict. In our judgment this was not only irregular, but wholly without the sanction of law. There is no statute that authorizes such procedure, and the Constitution forbids it, for it declares that no person shall be convicted of any crime but by the unanimous verdict of a jury of good and lawful men in open court. No jury was empaneled to try the issue; and there was, consequently, no verdict of a jury, and there was no conviction. The judgment of the court had nothing to warrant it, and there was nothing upon which it could properly rest. The defendant could not consent to a conviction by the court. It had no authority to try the issue of fact raised by the pleadings. The defendant did not plead

guilty; he did not enter the plea of *nolo contendere,* or submit; he pleaded *autrefois convict,* and a jury must try the issue raised by that plea. *S. v. Stewart, supra; S. v. Moss,* 47 N. C., 66; L. Bish. Cr. Pl., 759, and cases cited; *Cancemi v. People,* 18 N. Y., 128. The Legislature has not provided a means for the trial of cases like this, different from the ordinary method provided by law. The court erred in passing upon the facts agreed upon and submitted to it without the finding of a jury, and for such error the judgment must be reversed and the court must proceed to dispose of the case according to law."

This Court said, in *S. v. Pasley,* 180 N. C., 695, 696: "The defendant was charged, in a criminal proceeding before a justice of the peace, with unlawful trespass upon land; that is, entering thereon after having been forbidden to do so. Upon conviction, he appealed to the Superior Court, where the case seems to have taken a peculiar course. There · was negotiation between the parties for a settlement of the controversy, but they could not agree as to the final terms, defendant refusing to pay the costs. The court affirmed the judgment of the justice of the peace as to the costs against the consent of defendant, and without allowing him a jury trial, and he thereupon appealed to this Court. When an appeal is taken in a criminal action before a justice, of which he has jurisdiction, the trial in the upper court is *de novo. S. v. Koonce,* 108 N. C., 752. The judgment in the Superior Court was no doubt entered by the judge in a laudable attempt to settle a small matter, which was really cumbering the docket and delaying the court. Section 11 of Article I of the Constitution, so far as material, provides: 'In all criminal prosecution, every man has the right not to be compelled to pay costs, jail fees, or necessary witness fees of the defense, unless found guilty.' *S. v. Cannady,* 78 N. C., 539, and *S. v. Hicks,* 124 N. C., 829. . . . As it is clear from the record that there was no proper conviction of the defendant in the court below, we are unable to sustain the action of the judge by any substantial reasoning. Article I, section 13, of the Constitution says: 'With right of appeal.' And this Court has held in the case of *S. v. Brittain,* 143 N. C., 668, that when a defendant asserts his right of appeal, and the case comes up in the Superior Court, the defendant's right of trial by jury, as guaranteed by the Constitution, is preserved to him. It makes no difference what the real issue is, so that the charge involves the commission of a crime for which he can be punished and made to pay the costs." The defendant was granted a new trial for the error.

But we will pursue the course which was adopted in *S. v. Wells, supra,* and for the reason assigned therein, and consider the question intended to be raised in this case, viz., whether the defendant would be guilty of

a violation of the statute set forth in the case, upon the facts also stated therein, had they been properly and regularly found by a jury.

The statute (C. S., 3957, relating to Forsyth County), in its first clause makes the exposing for sale, selling, or offering for sale on a Sunday any goods, etc., within four miles of the corporate limits of any incorporated city or town a crime. Then there is a semicolon, and the act in the next clause absolutely prohibits the keeping open of any store, shop, or place of business in which such goods, etc., are kept for sale, between 12 o'clock Saturday night and 12 o'clock Sunday night. The defendant here was conducting a grocery store in the same room in which he ran a cafe. There were groceries on his counter and soft drinks in cases exposed to the view of his customers. There was no proof, however, that he sold or offered to sell on the Sunday in question anything but food and ice-cream to his customers. So, the only question in this case is, as it seems to us, whether or not the defendant, by keeping open this place where he ran a grocery store on Sunday has offended against the law, though in the same room he conducted a cafe. The amendment to the act, ch. 200, Public-Local Laws of the Extra Session, may lend some color to the view suggested, that the exposing of the coca-cola bottles and groceries for sale in the same room is an offense against the act, whether it is so or not. The amendment is as follows: "The exemption that this act shall not be construed to apply to hotels, to boarding-houses, or to restaurants or cafes, or furnishing meals to actual guests, shall not authorize such hotels, boarding-houses, restaurants, or cafes to expose for sale, sell, or offer for sale, or serve with food on Sunday any soft drinks of any kind, except coffee, tea, and milk."

The State contended that with this incorporated in the act, in connection with its subsequent provisions, specifically defining what may be sold by drug stores and cigar stands, may result in the prohibition against conducting a cafe or restaurant in a room in which groceries and soft drinks are exposed for sale. The defendant's counsel attacks the constitutionality of the act thus interpreted. Our Court, however, had considered such Sunday legislation in numerous cases and has sustained it. *S. v. Williams,* 26 N. C., 400; *S. v. Brooksbank,* 28 N. C., 74; *Rodman v. Robinson,* 134 N. C., 507; *S. v. Medlin,* 170 N. C., 682; *S. v. Davis,* 171 N. C., 809; *S. v. Burbage,* 172 N. C., 876. See, also, note 12 Ann. Cas., 1096, and *Hennington v. Georgia,* 163 U. S., 299.

But to consider more definitely the statute, which the defendant is charged with having violated, we are unable to see why there has not been such a distinct violation within the meaning of the clear and explicit words of that statute. It forbids "the keeping open of any store, shop, or place of business in which the enumerated goods, etc., are

kept for sale" between 12 o'clock Saturday night until 12 o'clock Sunday night. The mere fact that he ran a cafe in the same room with his grocery store did not prevent the application of the statute. If this were otherwise, the law could be easily evaded or made nugatory. The particular language is that "no store, shop, or other place of business in which goods, wares, or merchandise of any kind are kept for sale shall keep open doors from 12 o'clock Saturday night until 12 o'clock Sunday night." The statute not only embraces stores and shops, but any other place of business of the kind described therein. The defendant kept open his store or shop or place of business on Sunday between the forbidden hours, and it does not follow, because he had a cafe or restaurant in the same room, that his offense was not within the denunciation of the statute. His act was prohibited both by the letter and the spirit of the statute, however strictly we may construe it. This case differs in this respect from *S. v. Shoaf*, 179 N. C., 744.

As to the procedure in the Superior Court, we may further refer to *S. v. Stewart*, 89 N. C., 563, where it was said that a jury trial cannot be waived, and where, in the trial of an indictment for an assault and battery, a jury trial was waived and the court, by request, found the facts and declared the law arising therein, this Court held that such a procedure is not warranted by law and the case will be remanded for trial according to the course and practice of the court.

We follow that procedure here, as we can perceive no substantial or legal difference between the two cases.

It is therefore ordered that the case be remanded to the Superior Court of Forsyth County, to be proceeded with according to law.

Error.