### STATE v. JOHN MOORE.

(Filed 11 December, 1935.)

**Criminal Law G m: Courts A c—Evidence of conviction in municipal court held incompetent under statute upon trial in Superior Court.**

> The statute creating the municipal court in which defendant was convicted provided that the right of appeal should be the same as provided in case of appeals from justices of the peace, and that trial in the Superior Court should be *de novo,* and the statute regulating appeals from justices of the peace provides that trial in the Superior Court shall be anew and without prejudice from the former proceedings. Upon defendant's appeal the trial court admitted evidence of his conviction in the municipal court. *Held:* The evidence of his conviction was not without prejudice to defendant from the former proceedings, C. S., 4647, and defendant is entitled to a new trial.

APPEAL by the defendant from *McElroy, J.,* at June Special Term, 1935, of GUILFORD. New trial.

*Attorney-General Seawell and Assistant Attorney-General Aiken for the State.*
*Younce & Younce for defendant, appellant.*

SCHENCK, J. The defendant was bound to the municipal court of the city of Greensboro by a justice of the peace upon a warrant charging him with willfully refusing to support and maintain his illegitimate child, in violation of chapter 228, Public Laws of 1933. Upon trial in the municipal court the defendant was found guilty and judgment was pronounced, from which the defendant appealed to this Court, assigning errors.

Upon the trial in the Superior Court a State's witness was allowed, over the objection of the defendant, to testify in effect that the defendant had been tried in the municipal court and convicted, and by the final order of that court was required to pay to the prosecutrix $10.00 a week.

Section 7, chapter 651, Public Laws of 1909, by which the municipal court of the city of Greensboro is established, provides that, "Any person convicted in said court shall have the right of appeal to the Superior Court of Guilford County, as is now provided for appeals from judgments of justices of the peace, and upon such appeal the trial shall be *de novo.*" Section 4647, Consolidated Statutes, provides that, "In all cases of appeal (from judgments of justices of the peace to the Superior Court), the trial shall be anew, without prejudice from the former proceedings."

The testimony as to the conviction of the defendant and judgment pronounced in the municipal court, admitted in the trial in the Superior Court, was immaterial, incompetent, and not "without prejudice from the former proceedings," and its admission, over his objection, entitles the defendant to a new trial.

If it should be held competent to show the conviction and judgment in the municipal court in the trial in the Superior Court, no trial upon appeal from the municipal court could ever be wholly free from prejudice from the former proceedings. See *Wells v. Odum,* 205 N. C., 110.

Attention is called to the fact that the warrant as it now appears in the record, evidently after amendment, is inartificially drawn, and that further amendment might well serve to make more definite the charge.

New trial.