### STATE v. EDGAR McKNIGHT.

(Filed 29 April, 1936.)

**Criminal Law G m—Plea entered by defendant in recorder's court held not determinable in Superior Court by evidence dehors the record.**

On appeal by defendant from judgment of the recorder's court, the court heard evidence *dehors* the record offered by the solicitor tending to show that defendant had pleaded guilty in the recorder's court, the record failing to show the plea entered by defendant in that court. The judge of the Superior Court found, from the evidence offered by the solicitor, that defendant had entered a plea of "guilty" in the recorder's court. *Held:* It was error for the judge of the Superior Court to determine the plea entered in the recorder's court upon the evidence *dehors* the record. The court might have resorted to a writ of *certiorari* or *recordari*.

APPEAL by defendant from *Sink, J.,* at January Special Term, 1936, of MECKLENBURG.

Criminal prosecution, tried originally in the recorder's court of the city of Charlotte upon warrant charging the defendant with operating an automobile on a public highway while under the influence of an intoxicant, in violation of C. S., 4506.

From judgment in recorder's court that defendant pay a fine of $50 and costs and assigned to work on the roads for ninety days—the road sentence to be suspended on condition the defendant refrain from driving an automobile in this State for that period—the defendant appealed to the Superior Court of Mecklenburg County.

When the case was called for trial in the Superior Court, the defendant entered a plea of "Not guilty"; whereupon, the solicitor sought to show by evidence *dehors* the record that he had pleaded guilty in the recorder's court. The transcript of the record did not show what plea was entered in the recorder's court.

After hearing evidence, *pro* and *con,* the judge found as a fact that the defendant had entered a plea of guilty in the recorder's court, and declined, in his discretion, to permit the defendant to withdraw his plea entered in the recorder's court and enter a plea of not guilty in the Superior Court.

Judgment was thereupon rendered that the defendant pay the minimum fine of $50 and costs, and surrender his driver's license to the clerk.

Defendant appeals, assigning errors.

*Attorney-General Seawell and Assistant Attorneys-General McMullan and Bruton for the State.*
*Carswell & Ervin for defendant.*

STACY, C. J. On the record as it came from the recorder's court, the defendant was entitled to a trial *de novo* in the Superior Court. Ch. 338, sec. 3, Private Laws 1909. The solicitor sought to show by evidence *dehors* that the defendant entered a plea of guilty in the recorder's court, and that, therefore, the appeal was only on matters of law, *e.g.,* sufficiency of warrant, validity of statute, or legality of judgment. *S. v. Warren,* 113 N. C., 683, 18 S. E., 498. Compare *S. v. Ingram,* 204 N. C., 557, 168 S. E., 837. Without resorting to *certiorari* or *recordari,* the judge undertook to determine the question for himself. This was in excess of his authority. *S. v. Pasley,* 180 N. C., 695, 104 S. E., 533; *S. v. Koonce,* 108 N. C., 752, 12 S. E., 1032; *Neal v. Cowles,* 71 N. C., 266.

Let the cause be remanded for disposition sanctioned by law.

Error.