Rockingham, Dec. 2, 1941. } No. 3262.

STATE *v.* HAROLD D. COAN.

HAROLD D. COAN *v.* GEORGE W. HILTON.

490

*Sewall, Varney & Hartnett* and *Samuel Levy*, for the plaintiff.

*Frank R. Kenison*, Attorney-General, and *Stephen M. Wheeler*, Solicitor, for the defendant.

MARBLE, J.  Since in the case of *State* v. *Coan* the municipal court had jurisdiction of the parties and the subject-matter of the prosecution, it is doubtful if any error committed by the Municipal Court in the conduct of that case can be corrected upon *habeas corpus*. *State* v. *Towle*, 42 N. H. 540; *State* v. *Shattuck*, 45 N. H. 205, 211; *Kruzas* v. *O'Dowd*, 83 N. H. 173, 175.  If, however, "the refusal to grant the appeal was erroneous, a remedy might  probably be had" by the institution of some "other proceeding" (*State* v. *Towle, supra*, 546), and inasmuch as the petition could properly be amended by the addition of a prayer for the appropriate relief (*Kruzas* v. *O'Dowd, supra*) it is deemed advisable to consider briefly the questions which the plaintiff seeks to raise.

The jurisdiction conferred upon municipal courts in criminal cases is granted "subject to appeal" (P. L., c. 323, s. 15), and in the case of *Philpot* v. *State*, 65 N. H. 250, 251, 252, it is said that in cases "triable in the lower court" (with an exception not here material) a defendant's "right of appeal is not barred by a plea of guilty."

The cases cited in support of this conclusion (*Commonwealth* v.

*Hagarman*, 10 Allen 401; *Commonwealth* v. *Winton*, 108 Mass. 485; *Commonwealth* v. *Mahoney*, 115 Mass. 151) hold in substance that after the appeal has been entered in the Superior Court the plea cannot be withdrawn without leave of that court, and that failure to assign a reason in support of a request to withdraw the plea "leaves nothing to be done but to pass sentence" (*Commonwealth* v. *Mahoney*, *supra*).

It is unnecessary, however, to determine the correctness of the *dictum* in *Philpot* v. *State* or the extent to which the rule of the Massachusetts cases would be followed here, since the plaintiff, having acquiesced in the court's ruling, is in no position to complain that his request for an appeal was denied. So far as appears, he submitted to the ruling without objection and then proceeded to move for a new trial. Nor, after the denial of that motion, did he renew his request for an appeal. Under these circumstances he must be held to have waived whatever right to an appeal he may have had. 4 C. J. S. 396.

Nor was he entitled to withdraw his plea of guilty as a matter of right. 2 Bishop, New Crim. Pro. (2d *ed.*), *s.* 747. It was within the discretionary power of the Justice of the Municipal Court to grant or deny his request. *State* v. *Cotton*, 24 N. H. 143, 146. No facts are recounted in support of the allegation of accident, mistake or misfortune, and no abuse of judicial discretion is disclosed. See 14 Am. Jur. 960-962; Annotations, 20 A. L. R. 1445, 1454, and 66 A. L. R. 628, 638.

*Exception overruled.*

BURQUE, J., did not sit: the others concurred.