### STATE v. WALTER BEASLEY.

(Filed 9 October, 1946.)

**1. Criminal Law § 14—**

Where defendant formally enters a plea of guilty to a charge of a misdemeanor within the jurisdiction of the inferior trial court, on appeal to the Superior Court such plea is conclusive as to the facts, including the fact of guilt, and the review in the Superior Court is solely upon matters of law.

**2. Same—**

Upon appeal to the Superior Court from judgment of an inferior court entered upon defendant's plea of guilty, the Superior Court is without authority to change the judgment when no legal defect appears on the face of the record and there is no question of abuse of discretion on the part of the judge of the inferior court, or of some other matter of law affecting the form, legality or validity of the judgment.

**3. Criminal Law § 68b—**

The right of appeal is unlimited in this jurisdiction, and where defendant has pleaded guilty to a charge within the jurisdiction of an inferior court, his appeal stays the judgment pending final disposition and presents only questions of law for review, but may not be the basis for adding to defendant's grounds of defense or for re-opening the issue of guilt or the disposition of the case properly predicated on his plea.

APPEAL by defendant from *Burney, J.,* at August Term, 1946. Error and remanded.

The defendant was charged in the Recorder's Court of Johnston County with the possession of a still and other property designed and intended for use in the manufacture of intoxicating liquor in violation of G. S., 18-4.

The minutes of the Recorder's Court, which had jurisdiction of the offense charged, showed that the defendant, in that court, entered a plea of guilty, and that judgment was pronounced imposing sentence of four months in jail to be assigned to work on the roads under the direction of the State Highway and Public Works Commission, and that from this judgment the defendant appealed to the Superior Court.

In the Superior Court it was held that the defendant having entered in the Recorder's Court a plea of guilty to a misdemeanor within the jurisdiction of that court was bound by that plea on his appeal, and was not entitled to a jury trial in the Superior Court. The judge then heard evidence from two witnesses tending to show that the defendant had reputation for making whiskey, and that after his hearing in the Recorder's Court he had left home and had remained away for two years. The court pronounced judgment imposing sentence of 12 months on the roads.

The defendant excepted and appealed.

*Attorney-General McMullan and Assistant Attorneys-General Bruton, Rhodes, and Moody for the State.*
*Barefoot & Trader for defendant.*

DEVIN, J.  In the Superior Court it was correctly ruled that the defendant's plea of guilty, formally entered in the Johnston County Recorder's Court, to the charge of a misdemeanor within the jurisdiction of that court was conclusive upon the question of his guilt, and that he was not entitled to trial by jury in the Superior Court.  The plea of guilty in the Recorder's Court foreclosed any further consideration of the facts.  *S. v. Crandall,* 225 N. C., 148, 33 S. E. (2d), 861, 862.

In the *Crandall case, supra,* where the facts were similar to those in the case at bar, *Justice Winborne,* writing the opinion of the Court, stated the rule in these words: "Where a defendant pleads guilty in a court inferior to the Superior Court, such as the Recorder's Court in this case, and that fact appears on the face of the record as it comes to the Superior Court on his appeal from the judgment of the inferior court, his appeal cannot call in question the facts charged, but brings up for review only matters of law, and the defendant is not entitled to a trial *de novo.*"  Numerous authorities are cited in support of the principle announced.  Decisions from other jurisdictions are in accord.  *Commonwealth v. Mahoney,* 115 Mass., 151; *Stokes v. State,* 122 Ark., 56; *Hardy v. State,* 35 Okl., 75; *U. S. v. Ury,* 106 F. (2d), 28; 24 C. J. S., 247; 14 A. J., 952.

However, a new question is here presented.  The defendant has excepted to the judgment in the Superior Court on the ground that while the defendant was held bound by his plea of guilty in the Recorder's Court and not entitled to trial *de novo,* the court upon that plea entered judgment increasing the sentence from 4 to 12 months.  It is contended that in the Superior Court on appeal, unless the defendant was entitled to trial *de novo,* the hearing should have been restricted to matters of law, and that to admit additional evidence as to the facts and upon those facts increase the sentence was beyond the scope of the inquiry and the power of the court.

The question thus presented was not decided by the *Crandall case, supra,* but we think it must logically follow from the rule there enunciated, that where a defendant in an inferior court voluntarily pleads guilty to the charge of a misdemeanor within the jurisdiction of that court, and then appeals from the judgment, the only question presented to the Superior Court, which *pro hac vice* sits as an appellate court, is the legality of the judgment.  Consideration of the facts is foreclosed.  Only matters of law are brought up for review.  The sole question pre-

sented is "Was the judgment of the inferior court according to law and within the power and jurisdiction of that court?" Unless some question of abuse of discretion on the part of the judge of the inferior court, or some other matter of law affecting the form, legality or validity of the judgment, is properly presented, or legal defect appears on the face of the record, the judge of the Superior Court is without authority to change the judgment or to exercise his own discretion as to the *quantum* of punishment.

The right of appeal is unlimited in the courts of North Carolina, and a defendant's appeal in a criminal action from a judgment based upon his plea of guilty in the inferior court where first arraigned stays the judgment pending the appeal, but this may not be held to add to his grounds of defense or to reopen the issue of his guilt or the disposition of his case properly predicated on his plea. Only questions of law inherent in the judgment appealed from may be considered. *S. v. Warren,* 113 N. C., 683, 18 S. E., 498; *S. v. Abbott,* 218 N. C., 470, 11 S. E. (2d), 539; *S. v. Calcutt,* 219 N. C., 545, 15 S. E. (2d), 9; *Commonwealth v. Mahoney,* 115 Mass., 151; 24 C. J. S., 247, 248.

For the reasons stated the cause is remanded to the Superior Court of Johnston County for judgment in accordance with this opinion.

Error and remanded.