STATE v. ROBERT E. MEADOWS.

(Filed 12 December, 1951.)

**Criminal Law § 14—**

Under the provisions of G.S. 15-177.1, trial in the Superior Court upon appeal from an inferior court is *de novo* without regard to the plea, the trial, the verdict or the judgment of the inferior court, and therefore the Superior Court in all instances, including those in which the defendant pleads guilty in both the inferior court and in Superior Court, has power to impose sentence lighter or heavier than that imposed by the inferior court, provided the sentence is within the limit prescribed by law.

APPEAL by defendant from *Parker, J.,* at May Term, 1951, of NEW HANOVER.

Criminal prosecution against defendant for driving a motor vehicle upon the public highways of the State while his operator's license was revoked.

On 10 January, 1951, the defendant was arraigned in the Recorder's Court of New Hanover County upon a warrant alleging that he committed the misdemeanor defined by G.S. 20-28 by driving a motor vehicle upon the public highways of the State while his operator's license was revoked. He pleaded guilty, and the Recorder's Court, which has final jurisdiction of misdemeanors, entered this judgment: "Fined $200.00 and costs of court—90 days in default of the payment of the fine and cost." The defendant appealed to the Superior Court from this judgment.

When the case was called for trial at the May Term, 1951, of the Superior Court of New Hanover County, the defendant again pleaded guilty to the charge. The State thereupon adduced evidence showing that the defendant committed the offense at a time when his operator's license had been revoked for a period of three years because of a second conviction for driving a motor vehicle upon the public highways of the State while under the influence of intoxicating liquor, and the presiding judge thereupon entered this judgment: "The judgment of the court is that Robert E. Meadows be confined in the common jail of New Hanover County for a term of twelve months to be assigned to work the public roads under the direction of the State Highway and Public Works Commission." The defendant excepted to the judgment of the Superior Court, and appealed to the Supreme Court.

*Attorney-General McMullan, Assistant Attorney-General Moody, and C. G. Powell, Jr., Member of Staff, for the State.*

*W. K. Rhodes, Jr., for defendant, appellant.*

ERVIN, J. The assignment of error raises this question: Where the accused in a criminal action pleads guilty to the charge of a misdemeanor in the Superior Court upon the hearing of his appeal from the judgment pronounced against him on his former plea of guilty to the same charge in an inferior court having complete jurisdiction of the offense, does the judge of the Superior Court have power to impose a greater sentence than that imposed by the inferior court from which the appeal is taken?

The charge is bottomed on this statutory provision: "Any person whose operator's . . . license has been . . . revoked other than permanently, as provided in this article, who shall drive any motor vehicle upon the highways of the state while such license is . . . revoked, shall be guilty of a misdemeanor and upon conviction shall be punished by a

fine of not less than two hundred dollars ($200.00) or imprisonment in the discretion of the court, or both such fine and imprisonment." G.S. 20-28 (a); 1947 Session Laws, Ch. 1067, sec. 16.

The sentence of the Superior Court does not transgress the limits fixed by law. *S. v. Moschoures,* 214 N.C. 321, 199 S.E. 92. The defendant insists, however, that the sentence is void because the judge of the Superior Court was powerless in law to change the judgment of the recorder's court. To sustain this position, he invokes former decisions, which enunciated the rule that where the accused in a criminal action pleads guilty to a misdemeanor in an inferior court having complete jurisdiction of the offense and appeals to the Superior Court from the judgment pronounced by the inferior court on his plea, the Superior Court sits as a mere court of review to determine the legality of the judgment of the inferior court.

The defendant argues that this rule still obtains except in so far as it has been modified by Chapter 482 of the 1947 Session Laws, which is now codified as G.S. 15-177.1; that this statute abolishes the rule only in cases where the accused pleads not guilty in the Superior Court; that the rule applies in the present action because the defendant pleaded guilty in the Superior Court; that in consequence the judge of the Superior Court sat as a mere court of review in the present action with power to do one of these things only: (1) To discharge the defendant if he adjudged the proceedings of the inferior court to be fatally defective; (2) to remand the cause to the inferior court for proper sentence if he deemed the original sentence to be improper in form or substance; and (3) to affirm the sentence of the inferior court if he found it to be valid; and that the judge of the Superior Court disregarded his judicial function in the premises and usurped power not conferred upon him by law when he undertook to change the sentence of the inferior court.

These contentions overlook both the history of the rule and the manifest object of the Legislature in enacting G.S. 15-177.1.

The rule has never been concerned with the plea interposed by an accused on the hearing of his appeal in the Superior Court. It has rested on his plea in the inferior court. Its underlying rationale has been that the plea of guilty in the inferior court waived the right of the accused under G.S. 15-177 and similar laws to have the cause tried or even considered anew or *de novo* on its merits by the Superior Court on the appeal, and converted the Superior Court from an appellate trial court into a court of review for the correction of errors of law in the judgment of the inferior court.

The rule invoked by the defendant was first stated in 1893 in *S. v. Warren,* 113 N.C. 683, 18 S.E. 498. It has been applied in two subsequent cases only, namely, *S. v. Crandall,* 225 N.C. 148, 33 S.E. 2d 861, which was decided in 1945, and *S. v. Beasley,* 226 N.C. 577, 39 S.E. 2d

605, which was handed down in 1946. At its first session after the Crandall and Beasley decisions, to wit, that of 1947, the Legislature enacted G.S. 15-177.1, which reads as follows: "In all cases of appeal to the Superior Court in a criminal action from a justice of the peace or other inferior court, the defendant shall be entitled to a trial anew and *de novo* by a jury, without prejudice from the former proceedings of the court below, irrespective of the plea entered or the judgment pronounced thereon." 1947 Session Laws, Ch. 482.

This statute is aimed at the very foundation of the rule of the *Warren, Crandall,* and *Beasley cases, i.e.,* the plea of the accused in the inferior court. Its plain purpose is to uproot that rule in its entirety. It accomplishes this object by providing, in substance, that whenever the accused in a criminal action appeals to the Superior Court from an inferior court, the action is to be tried anew from the beginning to the end in the Superior Court on both the law and the facts, without regard to the plea, the trial, the verdict, or the judgment in the inferior court. As a result of this statute, the rules of practice and procedure regulating the trial of criminal actions appealed to the Superior Court by defendants who pleaded guilty in inferior courts have been brought into complete harmony with those heretofore followed in the trial of the criminal actions appealed to the Superior Courts by defendants who pleaded not guilty in inferior courts. *S. v. Moore,* 209 N.C. 44, 182 S.E. 692; *S. v. Goff,* 205 N.C. 545, 172 S.E. 407; *S. v. Pasley,* 180 N.C. 695, 104 S.E. 533; *S. v. Koonce,* 108 N.C. 752, 12 S.E. 1032. Since the trial in the Superior Court is without regard to the proceedings in the inferior court, the judge of the Superior Court is necessarily required to enter his own independent judgment. Hence, his sentence may be lighter or heavier than that imposed by the inferior court, provided, of course, it does not exceed the limit of punishment which the inferior court could have imposed. *S. v. Stafford,* 113 N.C. 635, 18 S.E. 256.

For the reasons given, the judgment entered in the Superior Court is Affirmed.