STATE *v.* F. B. BRITTAIN.

(Filed May 14, 1907).

*Indictment—Legislative Enactments—Constitutional Limitations—Jurors—Practice—Mayor's Court—Appeal.*

1. The method by which jurors are to be selected and summoned not being prescribed by the Constitution, and no limitation therein upon the power of the General Assembly to regulate it, an exception to the validity of section 10, chapter 158, of the Private Laws of 1895, because the jurors were not drawn out of the box, but were summoned by the marshal as directed by the act, cannot be sustained in a criminal action charging defendant with selling liquor in violation of section 9 of said act.

2. The defendant's rights, guaranteed by the Constitution under an indictment for violating the provisions of chapter 158 of the Private Laws of 1895, are preserved to him when an unrestricted appeal from the Mayor of the town is given him by the act and the trial in the Superior Court is *de novo;* alleged errors in the Mayor's Court may be disregarded on appeal to the Supreme Court.

THIS was a criminal action charging defendant with selling liquor after 11 o'clock P. M., under sec. 9, ch. 158, of the Private Laws of 1895, begun before the Mayor of Morganton and carried on appeal by the defendant to the Superior Court of BURKE County, where the case was tried at March Term, 1907, before his Honor, *Guion, J.,* and from the judgment rendered, defendant appealed to the Supreme Court.

*Assistant Attorney-General* and *Avery & Erwin* for the State.

*S. J. Ervin* for the defendant.

BROWN, J. The constitutionality of the Act of 1895, Private Laws, ch. 158, creating the mayoralty of Morganton a special court, with full jurisdiction to try and punish offenses of the character of that with which the defendant is charged, has been affirmed by this Court in *State v. Powell,* 97 N. C., 417. The defendant demanded a jury trial before the Mayor under section 10 of the act, and excepts because the jurors were not drawn out of the box, but were summoned by the marshal as directed by the act, section 10. The exception cannot be sustained. What is meant by the terms jury and grand jury, as used in the Constitution, is fully defined in the learned opinion of *Mr. Justice Shepherd* in *State v. Barker,* 107 N. C., 914, but the method by which the jurors are to be selected and summoned is nowhere prescribed by our Constitution, and we find no limitation therein upon the power of the General Assembly to regulate it. The sheriffs almost daily select and summons talis jurors and special veniremen, and in certain contingencies the Judge may appoint a person to select and summons jurors. *Boyer v. Teague,* 106 N. C., 576. We notice this exception to the regularity of the proceeding before the Mayor only because it was strongly urged, and not that it is necessary in

our opinion to consider it. This defendant's rights, guaranteed by the Constitution, are fully protected when the right of unrestricted appeal is given him by the statute. *State v. Lytle,* 138 N. C., 742. Inasmuch as the trial in the Superior Court is *de novo,* the alleged errors committed in the Mayor's Court may, therefore, be disregarded. *State v. Koonce,* 108 N. C., 752. To the proceedings in the Superior Court no exception is taken, except one, which is disposed of by what we have said.

No Error.