STATE OF NORTH CAROLINA v. MARK LEONARD MORGAN

No. COA07-745

(Filed 15 April 2008)

**Constitutional Law— double jeopardy—dismissal in district court**

Double Jeopardy barred the State from retrying defendant where a district court judge had dismissed a driving while impaired charge on the mistaken finding that the notarization of the probable cause affidavits did not include the notary commission's expiration date. The District Court heard evidence and found the evidence legally insufficient, which constitutes an acquittal for Double Jeopardy, even though the violation was not related to guilt or innocence.

Appeal by defendant from order entered 3 November 2006 by Judge Albert Diaz in Superior Court, Mecklenburg County. Heard in the Court of Appeals 5 February 2008.

*Attorney General Roy Cooper, by Assistant Attorney General Christopher W. Brooks, for the State.*

*Knox, Brotherton, Knox & Godfrey, by Allen C. Brotherton, for defendant-appellant.*

WYNN, Judge.

The United States Supreme Court has held that "[a]n order entering . . . a finding [that the evidence is insufficient as a matter of law to sustain a conviction] meets the definition of acquittal that our double-jeopardy cases have consistently used[.]"[1] Because we find that the District Court's dismissal of criminal charges against the defendant in this case was based on a finding that the State's evidence was insufficient as a matter of law, we conclude that the Double Jeopardy Clause bars the State's appeal. We therefore reverse the order of the Superior Court.

At 2:37 a.m. on 4 June 2005, Officer S.A. Evett of the Charlotte-Mecklenburg Police Department arrested Defendant Mark Leonard Morgan without a warrant and charged him with driving while impaired (DWI). Defendant refused to perform field sobriety tests

---

1. *Smith v. Massachusetts*, 543 U.S. 462, 467-68, 160 L. Ed. 2d 914, 923 (2005).

and likewise declined to submit to an Intoxilyzer test. Based on Officer Evett's arrest affidavit and affidavit and revocation report, a magistrate issued an order for Defendant's arrest and detention. Defendant was processed by the Mecklenburg County Sheriff's Office and spent approximately three hours in jail reception, where he had access to a telephone, until his release from detention at 10:38 a.m. on 4 June.

On 1 February 2006, Defendant's case was heard in District Court and dismissed; no information as to the reason for the dismissal, or at what point it came during the proceedings, is listed on the docket sheet. However, in its notice of appeal, the State asserted that Defendant "made a pretrial motion to dismiss based on alleged violations of N.C.G.S. 15A-511(c)(1) and 15A-304(d)[,]" namely, that Officer Evett's arrest affidavit and affidavit and revocation report were not properly sworn and notarized because the documents did not contain the expiration date of the notary's commission. Thus, according to the State, Defendant contended that the magistrate issued its order in violation of N.C. Gen. Stat. § 15A-305, due to the allegedly deficient notarization.

The Superior Court heard the State's motion to appeal the dismissal on 18 September 2006. The hearing initially focused on whether the District Court had heard evidence before dismissing the case, including whether Officer Evett had actually been sworn in to testify. However, the bulk of the argument ultimately centered on whether the State had to prove beyond a reasonable doubt that the District Court had dismissed the case for procedural reasons, rather than those related to Defendant's factual innocence or guilt. When asked by the trial court what the basis was for the dismissal, the assistant district attorney—who did not try the case in District Court—responded that Defendant had "alleged that North Carolina General Statute 15A-511-C1 and 15A-304D were not complied with, such that the affidavits, which includes the officer's arrest affidavit and affidavit and revocation report[,] did not include the Notary expiration date for her commission." Defense counsel did not dispute nor otherwise contradict this assertion.

Officer Evett testified at the hearing that, although his recollection of the hearing was uncertain and somewhat non-specific, he remembered "that the motion was filed to dismiss the case, based on the absence of [an] expiration date for the Notary. And, [defense counsel] made an argument and the DA made an argument. And, the judge, I guess granted the Motion to Dismiss, at that time." He further

stated that defense counsel had asked him some questions about the notary, how the documents were notarized, and going before the magistrate, but he did not remember testifying or offering any statements concerning the substantive details of the traffic stop and arrest. The other witnesses at the hearing were the Intoxilyzer operator on duty when Defendant declined to submit to the test and the notary who notarized Officer Evett's arrest affidavit and revocation report. Defense counsel called a personal acquaintance of Defendant to testify to establish prejudice to Defendant from the alleged statutory violation, but the State informed the trial court that it was "not going to make that argument" as to prejudice in light of the evidence that the documents were properly notarized.

Following the hearing, the trial court made findings of fact including that the notary "seal does not clearly show the expiration date of [the notary's] commission," that "Defendant alleged that the magistrate erred in finding probable cause . . . because [Officer] Evett's arrest affidavit had not been properly sworn," and that the District Court granted Defendant's motion to dismiss after hearing testimony from Officer Evett. Based on those findings, the trial court concluded as a matter of law that, although "the State had begun to present . . . evidence on the charge in the District court when that court dismissed the case[,]" the District Court "dismissed the charge on grounds unrelated to the Defendant's guilt or innocence. Accordingly, the State's appeal is not barred on double jeopardy grounds." The trial court further concluded that "the seals on the arrest affidavit and the revocation reports contain all of the necessary information, including the expiration date of the notary's commission." As such, the trial court granted the State's motion to appeal and reinstated the DWI charge against Defendant, remanding the case to District Court for trial.

Defendant now appeals,[2] arguing that the trial court erred by concluding that the State's appeal was not barred by the principle of double jeopardy because (I) there was insufficient evidence to support the findings of fact as to the reason for the District Court's dismissal; and (II) the findings of fact did not support the conclusion that the dismissal was not the equivalent of an acquittal. Because Defendant's arguments are closely related in substance, we consider them together.

2. Although this appeal is interlocutory, the Superior Court judge certified it for appeal, and the State has made no argument opposing its being heard prior to Defendant's new trial in District Court.

In general, "[u]nless the rule against double jeopardy prohibits further prosecution, the State may appeal from the district court judge to the superior court . . . [w]hen there has been a decision or judgment dismissing criminal charges as to one or more counts." N.C. Gen. Stat. § 15A-1432(a)(1) (2005). The Double Jeopardy clause of the U.S. Constitution protects an individual "against (1) a second prosecution for the same offense after acquittal, (2) a second prosecution for the same offense after conviction, and (3) multiple punishments for the same offense." *State v. Gardner*, 315 N.C. 444, 451, 340 S.E.2d 701, 707 (1986). Jeopardy attaches in a non-jury trial when the court receives evidence. *State v. Brunson*, 327 N.C. 244, 245, 393 S.E.2d 860, 861-62 (1990).

Despite this general prohibition, we have also held that the subsequent prosecution of a previously-dismissed charge does not violate the principle of double jeopardy if the dismissal was not based upon grounds of factual guilt or innocence. *State v. Priddy*, 115 N.C. App. 547, 551, 445 S.E.2d 610, 613, *disc. review denied*, 337 N.C. 805, 449 S.E.2d 751 (1994). Moreover, if the superior court finds that a dismissal by the district court "was in error," it must reinstate the matter and remand to the district court for further proceedings. N.C. Gen. Stat. § 15A-1432(d). Nevertheless, according to the United States Supreme Court, "any contention that the Double Jeopardy Clause must itself (even absent provision by the State) leave open a way of correcting legal errors is at odds with the well-established rule that the bar will attach to a preverdict acquittal that is patently wrong in law." *Smith v. Massachusetts*, 543 U.S. 462, 473, 160 L. Ed. 2d 914, 926 (2005). This holding applies if the "acquittal" is decreed by a court or returned by a jury verdict. *Id.* at 467, 160 L. Ed. 2d at 922; *see also United States v. Scott*, 437 U.S. 82, 91, 57 L. Ed. 2d 65, 74 (1978) ("A judgment of acquittal, whether based on a jury verdict of not guilty or on a ruling by the court that the evidence is insufficient to convict, may not be appealed and terminates the prosecution when a second trial would be necessitated by a reversal.").

Defendant's arguments to this Court can best be summarized as the following: regardless of the reason why the evidence against Defendant was insufficient—be it a legal or technical basis—the case was dismissed by the District Court on evidentiary grounds. As such, jeopardy had attached and further prosecution of Defendant by the State is barred. Thus, the question before us is whether the District Court's dismissal of the charges against Defendant, allegedly due to the magistrate's erroneous finding of probable cause based on incom-

petent affidavits, amounts to an acquittal for the purposes of double jeopardy. We must hold that it does.

The United States Supreme Court has spoken directly to this issue, holding that "a judgment that the evidence is legally insufficient to sustain a guilty verdict constitutes an acquittal for purposes of the Double Jeopardy Clause." *Smalis v. Pennsylvania*, 476 U.S. 140, 142, 90 L. Ed. 2d 116, 120 (1986); *see also State v. Murrell*, 54 N.C. App. 342, 345, 283 S.E.2d 173, 174 (1981) ("Moreover, under [North Carolina statutory law,] a dismissal based on lack of evidence has the effect of a verdict of not guilty. The Supreme Court, in the absence of a statute, announced the same rule in [*United States v.*] *Scott.*"), *disc. review denied*, 304 N.C. 731, 288 S.E.2d 804 (1982). After such a judgment has been entered, "the Double Jeopardy Clause bars an appeal by the prosecution not only when it might result in a second trial, but also if reversal would translate into further proceedings devoted to the resolution of factual issues going to the elements of the offense charged." *Smalis*, 476 U.S. at 142, 90 L. Ed. 2d at 120. Thus, the State may not appeal such a judgment when "it is plain that the District Court . . . evaluated the Government's evidence and determined that it was legally insufficient to sustain a conviction." *United States v. Martin Linen Supply Co.*, 430 U.S. 564, 572, 51 L. Ed. 2d 642, 651 (1977).

In *Smith*, the United States Supreme Court considered a case in which the trial judge, after determining that the prosecution had failed to meet its burden of proof, applied a Massachusetts Rule of Criminal Procedure to enter a finding of not guilty for a defendant on a charge of possessing a specific type of firearm. 543 U.S. at 465-66, 160 L. Ed. 2d at 921-22. Instructively, the Supreme Court's reasoning states:

> Massachusetts' characterization of the required finding of not guilty as a legal rather than factual determination is, as a matter of double jeopardy law, . . . not binding on us; what matters is that, as the Massachusetts Rules authorize, the judge evaluated the [Commonwealth's] evidence and determined that it was legally insufficient to sustain a conviction.

*Id.* at 468-69, 160 L. Ed. 2d at 923-24 (internal citations and quotations omitted). The Supreme Court went on to hold:

> An order entering . . . a finding [that the evidence is insufficient as a matter of law to sustain a conviction] thus meets the defini-

tion of acquittal that our double-jeopardy cases have consistently used: It actually represents a resolution, correct or not, of some or all of the factual elements of the offense charged.

*Id.* at 467-68, 160 L. Ed. 2d at 923 (citations and quotation omitted). Explaining its rationale in reaching this result, the Supreme Court stated:

To put it differently: Requiring someone to defend against a charge of which he has already been acquitted is prejudice *per se* for purposes of the Double Jeopardy Clause—*even when the acquittal was erroneous because the evidence was sufficient.* . . . Our double-jeopardy cases make clear that an acquittal *bars the prosecution from seeking another opportunity to supply evidence which it failed to muster before jeopardy terminated.*

*Id.* at 473 n.7, 160 L. Ed. 2d at 926-27 n.7 (citation and quotation omitted) (emphasis added).

Here, the State asserts—and Defendant has not disputed—that the District Court dismissed the DWI charge against Defendant because the notary's seal on the affidavits giving rise to probable cause seemed to be missing the date on which the notary's commission would expire. As such, the affidavits were insufficient for a showing of probable cause under N.C. Gen. Stat. §§ 15A-304(d) and 15A-511(c)(1). We recognize that these were technical violations only and were not substantively related to Defendant's guilt or innocence. Further, we are fully aware that the District Court was mistaken in dismissing the charges on this basis, as later evidence showed that the seal contained the necessary information and that the notary's commission is not due to expire until 2010. Finally, we appreciate the extensive findings of fact and thoroughly researched conclusions of law included by the Superior Court judge in its order allowing the State's appeal and reinstating the DWI charge against Defendant.

Nevertheless, the basis of the District Court's dismissal arose from the lack of any evidence to support the charge of DWI once the District Court disallowed the affidavits based on what now appears to be the erroneous finding of a technical violation. It is revealing to note that the suppression of the affidavits did not itself warrant dismissal of the charge; rather, it was the lack of any other evidence to support the charge that moved the District Court to dismiss the case. Defendant had declined an Intoxilyzer test and likewise refused to

submit to any field sobriety tests; as such, Officer Evett's affidavits were the only evidence that Defendant was driving while impaired. As found by the Superior Court after a hearing on the matter, the District Court found this evidence legally insufficient and accordingly dismissed the charges against Defendant; that entry of judgment "constitutes an acquittal for purposes of the Double Jeopardy Clause." *Smalis*, 476 U.S. at 142, 90 L. Ed. 2d at 120.

This result is compelled by precedent. Although the District Court was mistaken in its rejection of the affidavits as improperly sworn, we are bound by the holding that "the bar [against double jeopardy] will attach to a preverdict acquittal that is patently wrong in law." *Smith*, 543 U.S. at 473, 160 L. Ed. 2d at 926. Moreover, unlike in *Priddy*, where this Court held that double jeopardy did not bar the retrial of a defendant after a mid-trial dismissal based on jurisdictional grounds, 115 N.C. App. at 551, 445 S.E.2d at 613, the dismissal of the charge against Defendant in this case was unquestionably based upon grounds of factual guilt or innocence. The District Court's decision may not have been based on the substance, weight, or credibility of such evidence, but, as found by the Superior Court, the District Court did hear evidence in the case and determined that the charge should be dismissed. Both sides seem to agree that the basis of this decision was insufficiency of the evidence—even if for technical reasons. Accordingly, this judgment must be considered an acquittal, as "[i]t actually represents a resolution, correct or not, of some or all of the factual elements of the offense charged." *Smith*, 543 U.S. at 468, 160 L. Ed. 2d at 923 (quotation and citation omitted). The Double Jeopardy Clause therefore bars the State from retrying Defendant on this charge.

Finally, we observe in passing that, as the law now stands in North Carolina, a case such as the one at bar should no longer arise. The General Assembly has seen fit to ensure that evidentiary questions in district court are now decided prior to the point at which jeopardy would attach to a DWI defendant. In 2006, the Motor Vehicle Driver Protection Act went into effect in North Carolina, providing in part that in a district court trial for an implied consent offense such as DWI, a "defendant may move to suppress evidence or dismiss charges *only prior to trial*," except for a motion to dismiss for insufficient evidence. N.C. Gen. Stat. § 20-38.6(a) (2007). More significantly to the case at hand, the statute now declares that, "[t]he judge may summarily deny the motion to suppress evidence if the defendant failed to make the motion pretrial when all material facts were

known to the defendant."[3] *Id.* § 20-38.6(d). Indeed, the General Assembly's action in passing the Motor Vehicle Driver Protection Act seems designed at least in part to address the precise problem we are faced with in the instant case.

Reversed.

Judges McGEE and CALABRIA concur.

---

3. We note that the statute further requires the district court judge to make written findings of fact and conclusions of law and "preliminarily indicate whether the motion should be granted or denied." N.C. Gen. Stat. § 20-38.6(f). However, if the motion is likely to be granted, the judge "shall not enter a final judgment on the motion until after the State has appealed to superior court or has indicated it does not intend to appeal." *Id.* A Superior Court judge in Mecklenburg County has recently ruled that this and other portions of the Motor Vehicle Driver Protection Act are unconstitutional, finding in part that they violate equal protection, due process, and the separation of powers, as the General Assembly is barred constitutionally from changing the jurisdiction of North Carolina's district courts. *See State v. Fowler*, No. 07-CRS-200258. We understand the State is appealing that ruling to this Court. Given that the statute was not in force at the time the instant case came to trial, we express no opinion here as to the constitutional validity of its provisions.