STATE v. AUSTIN PETTY

No. COA10-846

(Filed 7 June 2011)

**Jurisdiction— entry of invalid judgment—guilty plea— arrested judgment—trial judge's authority to correct error**

The trial court erred by dismissing a charge of driving while impaired following defendant's guilty plea based on alleged non-jurisdictional defects in the district court. The district court judge's decision to arrest judgment constituted the entry of an invalid judgment, and the judge had the authority to correct this error on his own motion even after the court session had come to an end. Once defendant appealed to the superior court for a trial *de novo*, the superior court obtained jurisdiction over the charge. The case was reversed and remanded to the superior court for further proceedings.

Appeal by the State from judgment entered 6 October 2009 by Judge Yvonne Mims Evans in Mecklenburg County Superior Court. Heard in the Court of Appeals 12 January 2011.

**STATE v. PETTY**

[212 N.C. App. 368 (2011)]

*Attorney General Roy Cooper, by Jess D. Mekeel, Assistant Attorney General, for the State.*

*H. M. Whitesides, Jr., for Defendant-appellee.*

ERVIN, Judge.

The State appeals from an order entered by the trial court granting a motion by Defendant Austin Petty to dismiss a driving while impaired charge that had been lodged against Defendant, following Defendant's appeal from his conviction for this offense in the District Court division to the Superior Court division for trial *de novo*. The trial court dismissed the charge against Defendant based upon a determination that the District Court lacked the authority to enter judgment against Defendant in light of the peculiar circumstances revealed by the present record. On appeal, the State challenges the logic upon which the trial court relied in reaching this conclusion. After careful consideration of the State's challenge to the trial court's order in light of the record and the applicable law, we conclude that the trial court's order should be reversed and that this case should be remanded to the Mecklenburg County Superior Court for further proceedings not inconsistent with this opinion.

## I. Procedural History

On 28 April 2006, Defendant was charged with driving while impaired. On 27 June 2006, Defendant filed a motion to dismiss the DWI charge on the grounds that he had been denied his right to timely pretrial release as guaranteed by the Supreme Court's decision in *State v. Knoll*, 322 N.C. 535, 369 S.E.2d 558 (1988). On 5 December 2006, Judge Nancy B. Norelli conducted a hearing concerning Defendant's motion and dismissed the driving while impaired charge. The State noted an appeal to the Superior Court division from Judge Norelli's order on 13 December 2006.

On 15 November 2007, the State's appeal was heard before Judge C. Phillip Ginn. On 29 November 2007, Judge Ginn entered an order (1) reversing Judge Norelli's decision to dismiss the driving while impaired charge that had been brought against Defendant, (2) requiring the State to proceed against Defendant solely on the basis of the theory of guilt set out in N.C. Gen. Stat. § 20-138.1(a)(2), and (3) remanding the case to the District Court division for further proceedings.

On 17 April 2008, Defendant filed a motion in the District Court seeking the reinstatement of Judge Norelli's decision to dismiss the

driving while impaired charge in light of this Court's decision in *State v. Morgan*, 189 N.C. App. 716, 660 S.E.2d 545, *disc. review denied*, 362 N.C. 686, 671 S.E.2d 329 (2008). The ultimate disposition of this motion is not clear from the record. On 7 April 2009, Defendant entered a plea of guilty to driving while impaired before Judge Timothy Smith in the Mecklenburg County District Court. After finding Defendant guilty, Judge Smith, as is evidenced by a handwritten notation on a judgment form, arrested judgment without making findings or conclusions or in any other way explaining the basis of his decision.

On 1 May 2009, the State filed a Motion for Appropriate Relief in which the State asserted that Judge Smith was required, following Defendant's conviction for driving while impaired, to conduct a sentencing hearing and enter judgment pursuant to N.C. Gen. Stat. § 20-179(a). A hearing at which Defendant was present and represented by counsel was conducted on the issues raised by the State's motion on the same day. At the conclusion of this hearing, Judge Smith entered a judgment against Defendant imposing Level V punishment.

On 8 May 2009, Defendant filed a notice of appeal in which he stated that, "pursuant to N.C. Gen. Stat. [§] 15A·1431," he was "giving notice of appeal and request[ing] a trial *de novo* in the Superior Court in Mecklenburg County, North Carolina on the above charges . . . [and] shows unto the court that judgment was entered May 1, 2009." On 1 June 2009, Defendant filed a motion seeking dismissal of the driving while impaired charge in which he alleged, among other things, that he had "been prejudiced by further proceeding in this case following the order arresting judgment" and requested the court "to find that all charges against this Defendant should be dismissed with prejudice."

A hearing was held before the trial court at which the issues raised by Defendant's motion were addressed on 25 September 2009. On 6 October 2009, the trial court entered an order granting Defendant's dismissal motion. The State noted an appeal to this Court from the trial court's order.

## II. Legal Analysis

On appeal, the State argues that the trial court "lacked subject matter jurisdiction to engage in appellate review of the district court judgment" and erred by failing to simply address the issue of Defendant's guilt of driving while impaired in this case by means of a trial *de novo*. The State's argument has merit.

As a general proposition, a criminal defendant who appeals a conviction from the District Court division to the Superior Court division is effectively writing on a clean slate in the Superior Court. "It is established law in North Carolina that trial *de novo* in the superior court is a new trial from beginning to end, on both law and facts, disregarding completely the plea, trial, verdict and judgment below; and the superior court judgment entered upon conviction there is wholly independent of any judgment which was entered in the inferior court." *State v. Spencer*, 276 N.C. 535, 543, 173 S.E.2d 765, 771 (1970). "When an appeal of right is taken to the Superior Court, in contemplation of law it is as if the case had been brought there originally and there had been no previous trial," so that "[t]he judgment appealed from is completely annulled and is not thereafter available for any purpose." *State v. Sparrow*, 276 N.C. 499, 507, 173 S.E.2d 897, 902 (1970) (citing *State v. Goff*, 205 N.C. 545, 172 S.E. 407 (1934), and *State v. Meadows*, 234 N.C. 657, 68 S.E.2d 406 (1951) (other citations omitted). "[I]nasmuch as the trial in the Superior Court is *de novo*, alleged errors committed in the inferior court must be disregarded." *State v. Crandall*, 225 N.C. 148, 154, 33 S.E.2d 861, 864 (1945) (citing *State v. Brittain*, 143 N.C. 668, 57 S.E. 352 (1907) (other citation omitted). As a result, the Superior Court does not engage in appellate review of the correctness of the District Court's rulings in the course of handling an appeal from a District Court conviction. However, the Superior Court may, if necessary, review the proceedings conducted in the District Court for the purpose of ensuring that it has jurisdiction over the charges against the defendant, since a "trial court must have subject matter jurisdiction over a case in order to act in that case[,]" *State v. Satanek*, 190 N.C. App. 653, 656, 660 S.E.2d 623, 625 (2008) (citing *State v. Reinhardt*, 183 N.C. App. 291, 292, 644 S.E.2d 26, 27 (2007)), and since "a court's lack of subject matter jurisdiction is not waivable and can be raised at any time." *In re K.J.L.*, 363 N.C. 343, 346, 677 S.E.2d 835, 837 (2009).

"Jurisdiction, when applied to courts and speaking generally, consists in the power to hear and determine causes[.] . . . It relates to the subject-matter of the controversy or to the person[.]" *State v. Hall*, 142 N.C. 710, 713, 55 S.E. 806, 807 (1906). " 'Subject matter jurisdiction involves the authority of a court to adjudicate the type of controversy presented by the action before it[,] . . . [and] is conferred upon the courts by either the North Carolina Constitution or by statute.' " *In re McKinney*, 158 N.C. App. 441, 443, 581 S.E.2d 793, 795 (2003) (quoting *Haker-Volkening v. Haker*, 143 N.C. App. 688, 693, 547 S.E.2d 127,

130, *disc. rev. denied,* 354 N.C. 217, 554 S.E.2d 338 (2001), and *Harris v. Pembaur,* 84 N.C. App. 666, 667, 353 S.E.2d 673, 675 (1987)). "The jurisdiction of the superior court on appeal from a conviction in district court is derivative. Defendant may not be tried *de novo* in the superior court on the original warrant without a trial and conviction in the district court." *State v. Wesson,* 16 N.C. App. 683, 689, 193 S.E.2d 425, 429 (1972), *cert. denied,* 282 N.C. 675, 194 S.E.2d 155 (1973) (citations omitted). As a result, the Superior Court division lacks jurisdiction over a misdemeanor appeal in the event that the defendant was not tried and convicted in the District Court division, *State v. Johnson,* 251 N.C. 339, 340-41 111 S.E.2d 297, 298-99 (1959), or if a warrant is substantially amended in the Superior Court division so as to charge an offense different from that for which Defendant was convicted in the District Court division, *State v. Thompson,* 2 N.C. App. 508, 511-12 163 S.E.2d 410, 412 (1968). Thus, "[u]ntil defendant [is] tried and convicted in district court and [has] appealed to superior court for trial *de novo,* the superior court ha[s] no jurisdiction of the case." *State v. Killian,* 61 N.C. App. 155, 158, 300 S.E.2d 257, 259 (1983).

According to N.C. Gen. Stat. § 7A-272(a), "the district court has exclusive, original jurisdiction for the trial of . . . misdemeanors." For that reason, there can be no dispute but that the District Court division had jurisdiction over Defendant's person and the driving while impaired charge lodged against Defendant. Defendant, however, contends that Judge Smith had no "jurisdiction" to enter judgment, essentially characterizing the trial court's decision to dismiss the driving while impaired charge as a determination that Judge Smith lacked jurisdiction to enter judgment against him. In Defendant's view, the Superior Court division lacked jurisdiction because the lower court judgment had been arrested and because the State did not comply with the motion for appropriate relief statute in seeking to have judgment entered against Defendant. In other words, Defendant contends that the State's failure to comply with the statutory provisions governing motions for appropriate relief resulted in a jurisdictional defect that deprived Judge Smith of the ability to enter judgment against Defendant following his decision to arrest judgment following Defendant's guilty plea. The trial court apparently accepted the validity of Defendant's argument at the time that it dismissed the case against Defendant. We do not believe that Defendant's position rests on a correct understanding of the applicable law.

In its order dismissing the driving while impaired charge against Defendant, the trial court concluded that

1. Defendant entered a guilty plea to driving while impaired on April 7, 2007.

2. The District Court did not have a valid basis for arresting judgment.

3. The State did not appeal the invalid judgment, nor did it timely prepare, file or serve a Motion for Appropriate Relief.

4. The District Court was without authority to enter a judgment more than three weeks after accepting Defendant's guilty plea, when the Court had not continued prayer for judgment at the original session of court on April 7, 2009.

Among other things, we note that the trial court did not explicitly conclude that Judge Smith lacked subject matter jurisdiction over the case against Defendant; instead, it only determined that he lacked the "authority" to enter judgment. As a result, it appears that the trial court's decision, consistently with the position espoused by Defendant, rests on the understanding that a failure to comply with the statutory provisions governing motions for appropriate relief constitutes a jurisdictional defect that deprived Judge Smith of the authority to enter judgment. However, this logic is flawed, since not every deviation from required statutory procedures is jurisdictional in nature. Instead, as we have previously stated:

[A] court's authority to act pursuant to a statute, although related, is different from its subject matter jurisdiction. Subject matter jurisdiction involves the authority of a court to adjudicate the type of controversy presented by the action before it. This power of a court to hear and determine (subject matter jurisdiction) is not to be confused with the way in which that power may be exercised in order to comply with the terms of a statute (authority to act).

*Haker-Volkening*, 143 N.C. App. at 693, 547 S.E.2d at 130 (citing 1 Restatement (Second) of Judgments § 11, at 108 (1982), and *Amodio v. Amodio*, 247 Conn. 724, 727-28, 724 A.2d 1084, 1086 (1999)).

The trial court's conclusion that Judge Smith erroneously entered judgment against Defendant was based on its determination that (1) Judge Smith "did not have a valid basis" for arresting judgment; that (2) the State did not appeal "the invalid judgment" or "timely prepare, file or serve" a proper motion for appropriate relief; and that (3)

Judge Smith "was without authority to enter a judgment" more than three weeks after accepting Defendant's guilty plea because he "had not continued prayer for judgment at the original session of court on April 7, 2009." These alleged errors amount to a ruling that Judge Smith improperly <u>exercised</u> the jurisdiction that he clearly had over Defendant and the charge against him instead of a ruling that the District Court division <u>lacked</u> subject matter jurisdiction over this case. In addition, assuming, without in any way deciding, that the trial court's determination that Judge Smith lacked "authority" to enter judgment against Defendant was equivalent to a determination that the District Court lacked jurisdiction over the case against Defendant, we conclude that, on the facts of this case, the trial court's ruling was in error.

Generally speaking, a particular judge's jurisdiction over a particular case terminates at the end of the session at which a particular case is heard and decided. However, in the event that a trial judge enters an invalid sentence,[1] it has the power to correct that error even if the session of court at which the sentence was imposed has expired.

> In general, a trial court loses jurisdiction to modify a judgment after the adjournment of the session. Until the expiration of the session, the judgments of the court are *in fieri* and the judge has power, in his discretion, to vacate or modify them. After the expiration of the session, this discretionary authority ends. However, if a judgment is invalid as a matter of law, the courts of North Carolina have always had the authority to vacate such judgments pursuant to petition for writ of *habeas corpus* and, more recently, by way of post conviction proceedings. For example, if it appeared from the record that a defendant was sentenced to a prison term of fifteen years upon a conviction of felonious larceny, punishable by a maximum of ten years' imprisonment, the

---

1. An invalid sentence or judgment, as those terms are used in this opinion and in the decisions discussed in the text, refers to sentences or judgments that a trial court lacks the authority to impose, such as a sentence that exceeds the statutory maximum. *See, e.g., State v. Branch*, 134 N.C. App. 637, 641, 518 S.E.2d 213, 216 (1999) ("If a judgment is invalid as a matter of law, North Carolina Courts have the authority to vacate the invalid sentence and resentence the defendant accordingly, even if the term has ended. . . . [N.C. Gen. Stat. §] 15A-1415(b)(8) allows relief to be granted when a prison sentence was 'unauthorized at the time imposed, exceeded the maximum authorized by law, was illegally imposed, or is otherwise invalid as a matter of law.' ") (citing *State v. Bonds*, 45 N.C. App. 62, 64, 262 S.E.2d 340, 342, *disc. review denied*, 300 N.C. 376, 267 S.E.2d 687, *cert denied*, 449 U.S. 883, 66 L. Ed. 2d 107, 101 S. Ct. 235 (1980).

court had and has the authority to vacate such unlawful sentence either during or after the expiration of the trial session, and the defendant may then be resentenced according to law.

*Bonds*, 45 N.C. App. at 64, 262 S.E.2d at 342 (citing *State v. Duncan*, 222 N.C. 11, 21 S.E.2d 822 (1942), *State v. Godwin*, 210 N.C. 447, 187 S.E. 560 (1936)); *see also, e.g.*, *Branch*, 134 N.C. App. at 641, 518 S.E.2d at 216 (1999) (stating that, despite the defendant's contention "that the resentencing hearing was illegal because the trial court had no jurisdiction over the matter because the term of court had expired," in the event that "a judgment is invalid as a matter of law, North Carolina Courts have the authority to vacate the invalid sentence and resentence the defendant accordingly, even if the term has ended") (citing *Bonds*, 45 N.C. App. at 64, 252 S.E.2d at 342); *State v. Morgan*, 108 N.C. App. 673, 676-78, 425 S.E.2d 1, 2-4 (1993) (suggesting that the principle enunciated in *Bonds* is applicable in the District Court context), *disc. review improvidently granted*, 335 N.C. 551, 439 S.E.2d 127 (1994).

The trial court specifically concluded that "[t]here is no basis appearing on the record for the District Court's decision to arrest judgment." Although he has argued that the record clearly establishes that Judge Smith actually arrested judgment and points to testimony by an Assistant District Attorney concerning a conversation in which Judge Smith explained the reason for his decision to act in that manner, Defendant has neither challenged the trial court's determination that the record contained no explanation for Judge Smith's decision to arrest judgment or pointed to any portion of the record in which Judge Smith stated a valid basis for arresting judgment after accepting Defendant's guilty plea. On the other hand, the State argues that Judge Smith erroneously arrested judgment because N.C. Gen. Stat. § 20-179 required him to conduct a sentencing hearing and enter judgment against Defendant after accepting Defendant's guilty plea and that, even if Judge Smith intended to continue prayer for judgment in Defendant's case, he lacked the authority to do so. In view of the trial court's unchallenged conclusion that Judge Smith lacked the authority to arrest judgment in this case and the fact that we have not found any support for Judge Smith's actions in our own review of the record and the applicable law, we conclude that Judge Smith lacked the authority to arrest judgment following Defendant's guilty plea to driving while impaired in the District Court division, that his decision to arrest judgment constituted the entry of an invalid judgment, and that Judge Smith had the authority to correct this error on his own motion

even after the session of the Mecklenburg County District Court at which Defendant entered his guilty plea had come to an end.

Although the trial court and Defendant have emphasized the State's alleged failure to comply with the statutory provisions governing motions for appropriate relief as a justification for concluding that Judge Smith had no authority to enter judgment after unlawfully arresting judgment in this case, there is no requirement that any particular method be employed to inform a trial judge that he or she has entered an invalid judgment. *See, e.g., Branch,* 134 N.C. App. at 641, 518 S.E.2d at 216 (addressing a situation in which the North Carolina Department of Correction contacted the Clerk of Superior Court following the imposition of an erroneous sentence). As a result, there is no requirement that an error of the nature at issue here be brought to the court's attention by means of a motion for appropriate relief, making it unnecessary for us to address the issues that have been debated between the parties concerning the State's compliance with the statutory provisions governing motions for appropriate relief. Having learned, by whatever means, that he lacked the authority to arrest judgment in the aftermath of Defendant's plea of guilty to driving while impaired and that he was required to conduct a sentencing hearing and enter judgment against Defendant once Defendant had pled guilty to driving while impaired, Judge Smith was authorized, and even required, to enter a valid judgment.[2] As a result, once Defendant appealed to the Superior Court from Judge Smith's judgment for a trial *de novo,* the Superior Court obtained jurisdiction over the driving while impaired charge that had been lodged against Defendant and was required to treat Defendant's case like any other misdemeanor

2. Although Defendant correctly notes that the State has not challenged the trial court's determination that Judge Smith arrested judgment and argues that the State's failure to contest this determination has preclusive effect for purposes of appeal, we are not persuaded by this argument. The mere fact that Judge Smith arrested judgment does not preclude the subsequent entry of judgment in appropriate cases. *State v. Pakulski,* 326 N.C. 434, 439, 390 S.E.2d 129, 132 (1990) (stating that, "[w]hile we agree that in certain cases an arrest of judgment does indeed have the effect of vacating the verdict, we find in other situations that an arrest of judgment serves only to withhold judgment on a valid verdict which remains intact"). Defendant has not established that there is anything about Judge Smith's decision to arrest judgment in this case which establishes that the arrest of judgment at issue here fell into the former, rather than the latter, category, and the trial court specifically concluded that "[t]here was no impediment to the entry of a lawful judgment." As a result, the only apparent basis for the trial court's conclusion that Judge Smith lacked the authority to enter judgment was the State's alleged failure to comply with the statutes governing motions for appropriate relief rather than any determination that Judge Smith's earlier decision to arrest judgment precluded the entry of a proper judgment.

appeal. Since the Superior Court division had jurisdiction over Defendant and the charge against him, the trial court erred by dismissing that charge based on alleged non-jurisdictional defects in the manner in which the District Court proceedings had been conducted.[3]

## III. Conclusion

Thus, for the reasons set forth above, the trial court erred by dismissing the driving while impaired charge that had been lodged against Defendant. As a result, the trial court's order should be, and hereby is, reversed and this case should be, and hereby is, remanded to the Mecklenburg County Superior Court for further proceedings not inconsistent with this opinion.

REVERSED AND REMANDED.

Judges ELMORE and STEELMAN concur.

---

3. Defendant has not argued on appeal that Judge Smith was precluded by double jeopardy or other constitutional considerations from entering judgment against him after arresting judgment. Obviously, to the extent that Judge Smith's decision to arrest judgment had preclusive effect on double jeopardy or other grounds, he would have lacked the authority to enter judgment against Defendant. *State v. Morgan,* 189 N.C. App. 716, 721-22, 660 S.E.2d 545, 549-50 (2008). However, since Defendant has not asserted that Judge Smith's decision to arrest judgment triggered the application of the double jeopardy provisions of the federal and state constitutions, those principles have no application to the proper resolution of this case.