ZACHARY, Judge.
 

 *501
 
 The issue presented is whether the trial court lacked subject matter jurisdiction to enter an order denying defendant's motion for post-conviction DNA testing pursuant to N.C. Gen. Stat. § 15A-269 while defendant's appeal from the original judgment of conviction was pending. We conclude that the trial court lacked subject matter jurisdiction, and vacate the court's order.
 

 Background
 

 Defendant Antravious Quanealious Briggs was convicted of attempted second-degree sexual offense and sentenced to 73-100 months in prison on 10 November 2014. Defendant gave notice of appeal the same day. On 6 April 2016, while his appeal was pending in this Court, defendant filed a
 
 pro se
 
 Motion to Locate and Preserve Evidence and Motion for Post-Conviction DNA Testing pursuant to N.C. Gen. Stat. § 15A-269. The trial court denied defendant's motion on 13 July 2016, while defendant's appeal was still pending. Defendant timely filed notice of appeal from the denial of his motion for post-conviction DNA testing. On 16 August 2016, this Court issued an opinion in defendant's original appeal, vacating his sentence and remanding the case to the trial court for re-sentencing.
 
 State v. Briggs
 
 , --- N.C. App. ----,
 
 790 S.E.2d 671
 
 (2016). The mandate issued on 6 September 2016.
 

 On appeal, defendant argues that the trial court lacked subject matter jurisdiction to enter the order denying his motion for post-conviction DNA testing because the trial court was divested of jurisdiction over the case from the date on which defendant gave his initial notice of appeal of the 10 November 2014 judgment until the date on which this Court's mandate issued.
 

 Standard of Review
 

 "Whether a trial court has subject-matter jurisdiction is a question of law, reviewed
 
 de novo
 
 on appeal."
 
 State v. Herman
 
 ,
 
 221 N.C. App. 204
 
 , 209,
 
 726 S.E.2d 863
 
 , 866 (2012) (citation omitted). Under
 
 de novo
 
 review, this Court considers the matter anew and freely substitutes its own
 
 *502
 
 judgment for that of the trial court.
 
 State v. Williams
 
 ,
 
 362 N.C. 628
 
 , 632-33,
 
 669 S.E.2d 290
 
 , 294 (2008). Lack of subject matter jurisdiction may be raised by any party "at any time, even for the first time on appeal[.]"
 
 State v. Kostick
 
 ,
 
 233 N.C. App. 62
 
 , 72,
 
 755 S.E.2d 411
 
 , 418 (2014).
 
 *176
 

 Discussion
 

 Subject matter jurisdiction is "the authority of a court to adjudicate the type of controversy presented by the action before it, and is conferred upon the courts by either the North Carolina Constitution or by statute."
 
 State v. Petty
 
 ,
 
 212 N.C. App. 368
 
 , 371,
 
 711 S.E.2d 509
 
 , 512 (2011) (citations and quotation marks omitted) (alterations omitted). "A trial court must have subject matter jurisdiction over a case in order to act in that case."
 
 State v. Satanek
 
 ,
 
 190 N.C. App. 653
 
 , 656,
 
 660 S.E.2d 623
 
 , 625 (2008). Where a court enters an order without jurisdiction to do so, the order is void
 
 ab initio
 
 ,
 
 State v. Sams
 
 ,
 
 317 N.C. 230
 
 , 235,
 
 345 S.E.2d 179
 
 , 182 (1986), and "the appropriate action on the part of the appellate court is to arrest judgment or vacate [the] order entered without authority."
 
 State v. Felmet
 
 ,
 
 302 N.C. 173
 
 , 176,
 
 273 S.E.2d 708
 
 , 711 (1981).
 

 Generally, in criminal cases, "a particular judge's jurisdiction over a particular case terminates at the end of the session at which a particular case is heard and decided."
 
 Petty
 
 ,
 
 212 N.C. App. at 374
 
 ,
 
 711 S.E.2d at 513
 
 . Even where a statute allows the trial court to act beyond the close of the original session, "[t]he jurisdiction of the trial court with regard to the case" will remain divested as of the filing of a notice of appeal. N.C. Gen. Stat. § 15A-1448(a)(3) (2016) ;
 
 State v. Williams
 
 ,
 
 177 N.C. App. 725
 
 , 731,
 
 630 S.E.2d 216
 
 , 221 (2006),
 
 disc. review denied
 
 ,
 
 360 N.C. 581
 
 ,
 
 636 S.E.2d 198
 
 (2006) ;
 
 Petty
 
 ,
 
 212 N.C. App. at 373
 
 ,
 
 711 S.E.2d at 513
 
 . Once a notice of appeal has been filed, the trial court retains jurisdiction only over matters that are "ancillary to the appeal[.]" N.C. Gen. Stat. § 15A-1453 (2016) ;
 
 State v. Davis
 
 ,
 
 123 N.C. App. 240
 
 , 242,
 
 472 S.E.2d 392
 
 , 393 (1996). A matter that is ancillary to the appeal typically involves the correction of a clerical error, as doing so does not implicate the trial court "exercis[ing] any judicial discretion or undertak[ing] any judicial reasoning[.]"
 
 State v. Everette
 
 ,
 
 237 N.C. App. 35
 
 , 43,
 
 764 S.E.2d 634
 
 , 640 (2014) ;
 
 see e.g.
 
 ,
 
 Davis
 
 ,
 
 123 N.C. App. at 242-43
 
 ,
 
 472 S.E.2d at 393-94
 
 . On the other hand, a "trial court lacks jurisdiction to correct judicial errors, or address issues never litigated, ... following valid entry of notice of appeal."
 
 State v. Price
 
 ,
 
 233 N.C. App. 386
 
 , 394,
 
 757 S.E.2d 309
 
 , 314 (2014). Such non-ancillary matters may only be resolved once the pending appeal has been finalized.
 
 See
 

 State v. Dixon
 
 ,
 
 139 N.C. App. 332
 
 , 338,
 
 533 S.E.2d 297
 
 , 302 (2000).
 

 *503
 
 Pursuant to N.C. Gen. Stat. § 15A-269, a defendant "may make a motion before the trial court that entered the judgment of conviction against the defendant for performance of DNA testing[.]" N.C. Gen. Stat. § 15A-269(a) (2016). The trial court must grant the motion for post-conviction DNA testing if it determines that
 

 (1) [the testing]
 

 [ (a) ] Is material to the defendant's defense.
 

 [ (b) ] Is related to the investigation or prosecution that resulted in the judgment.
 

 [ (c) ] Meets either of the following conditions:
 

 [i.] It was not DNA tested previously.
 

 [ii.] It was tested previously, but the requested DNA test would provide results that are significantly more accurate and probative of the identity of the perpetrator or accomplice or have a reasonable probability of contradicting prior test results[;]
 

 (2) If the DNA testing being requested had been conducted on the evidence, there exists a reasonable probability that the verdict would have been more favorable to the defendant; and
 

 (3) The defendant has signed a sworn affidavit of innocence.
 

 N.C. Gen. Stat. § 15A-269(a) - (b) (2016).
 

 In the instant case, it is clear from the text of N.C. Gen. Stat. § 15A-269 that the trial court's order entered pursuant thereto did not constitute a matter ancillary to the original judgment on appeal. The fact that N.C. Gen. Stat. § 15A-269 authorized the trial court to act beyond the close of the original session did not render that matter ancillary, or otherwise vest the trial court with jurisdiction while the appeal was pending.
 
 See
 

 Petty
 
 ,
 
 212 N.C. App. at 373
 
 ,
 
 711 S.E.2d at 513
 
 ("Th[e] power of a court to
 
 *177
 
 hear and determine (subject matter jurisdiction) is not to be confused with the way in which that power may be exercised in order to comply with the terms of a statute (authority to act)."). Rather, the plain language of Section 15A-269 directly implicates an exercise of the trial court's judicial discretion and judicial reasoning,
 
 Everette
 
 ,
 
 237 N.C. App. at 43
 
 ,
 
 764 S.E.2d at 640
 
 , and requires the trial court to make determinations on new issues never litigated.
 
 Price
 
 , 233 N.C. App. at 394,
 
 757 S.E.2d at 314
 
 . Accordingly, in this case, the trial court's order entered
 
 *504
 
 pursuant to N.C. Gen. Stat. § 15A-269 was not "ancillary" to defendant's initial pending appeal.
 

 The State, however, asserts that a motion for post-conviction DNA testing is not a "motion in the original cause," and thus may be decided by the trial court while the case is pending appeal, because N.C. Gen. Stat. §§ 15A-269 - 15A-270.1 do not explicitly provide otherwise. To illustrate this point, the State directs our attention to the language of N.C. Gen. Stat. § 15A-1411(b), which provides that a motion for appropriate relief is "a motion in the original cause and not a new proceeding." N.C. Gen. Stat. § 15A-1411(b) (2016). Because a motion for appropriate relief is a motion in the original cause, it is the appellate court, rather than the trial court, that has jurisdiction to rule on such a motion while the case is pending on appeal.
 
 Williams
 
 ,
 
 177 N.C. App. at 731
 
 ,
 
 630 S.E.2d at 221
 
 . According to the State, because a motion for post-conviction DNA testing is not a motion for appropriate relief, and because the statute governing post-conviction DNA testing does not explicitly state that the motion is part of the "original cause and not a new proceeding," defendant's motion constituted a new proceeding over which the trial court retained its jurisdiction. We do not find this argument persuasive.
 

 Upon review of the provisions of N.C. Gen. Stat. §§ 15A-269 - 15A-270.1, defendant's motion for post-conviction DNA testing was, in fact, a motion in the original cause. If the trial court were to grant defendant's motion for post-conviction DNA testing and the results were favorable to defendant, the appropriate relief would have been for the trial court to (1) vacate and set aside the judgment; (2) discharge defendant; (3) resentence defendant; or (4) grant defendant a new trial. N.C. Gen. Stat. § 15A-270(c). Each of these provisions relates to the original case filed against defendant, and not to any ancillary matter over which the trial court retains jurisdiction during the pendency of an appeal. Moreover, permitting the trial court to rule on a defendant's motion for post-conviction DNA testing while an appeal from the case is pending would run the risk of the trial court granting relief pursuant to N.C. Gen. Stat. § 15A-270(c) that conflicts with the mandate issued by the appellate court.
 
 See
 
 N.C. Gen. Stat. § 15A-1448 (official commentary) ("Problems have arisen in the processing of appeals when post-trial motions are pending.").
 

 In the instant case, the trial court was divested of jurisdiction when defendant filed notice of appeal from the judgment entered on his conviction for attempted second-degree sex offense on 10 November 2014. Because defendant's motion for post-conviction DNA testing opened an inquiry into a case that this Court was already reviewing, the trial court
 
 *505
 
 lacked jurisdiction to rule on it until after the case was returned to the trial court by way of mandate, which issued on 6 September 2016. We therefore must vacate the trial court's order denying defendant's motion for post-conviction DNA testing.
 
 Felmet
 
 ,
 
 302 N.C. at 176
 
 ,
 
 273 S.E.2d at 711
 
 .
 

 Conclusion
 

 For the foregoing reasons, we conclude that the trial court did not have jurisdiction to enter its 13 July 2016 order denying defendant's motion for post-conviction DNA. Accordingly, the order is
 

 VACATED.
 

 Judges STROUD and ARROWOOD concur.