Rel: November 8, 2024

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **<u>Southern Reporter</u>**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is published in **<u>Southern Reporter</u>**.

# Alabama Court of Criminal Appeals

## OCTOBER TERM, 2024-2025

_____

## CR-2023-0604

_____

## State of Alabama

## v.

## Samantha Kaye Shiver

## Appeal from Houston Circuit Court
## (CC-22-1655)

McCOOL, Judge.

The State of Alabama ("the State") has appealed the Houston Circuit Court's dismissal of a complaint charging Samantha Kaye Shiver with driving under the influence of alcohol ("DUI"). <u>See</u> § 32-5A-191, Ala.

Code 1975. For the reasons set forth herein, we reverse the circuit court's judgment and remand the case for that court to reinstate the complaint.

Facts and Procedural History

On November 5, 2021, Shiver was issued a Uniform Traffic Ticket and Complaint ("UTTC") charging her with violating § 32-5A-191(a)(5), which prohibits a person from driving a vehicle while "[u]nder the influence of any substance which impairs the mental or physical faculties of such person to a degree which renders him or her incapable of safely driving." Although § 32-5A-191(a)(5) prohibits a person from driving a vehicle while under the influence of "any substance," subsections (a)(1)-(a)(4) of that statute expressly prohibit a person from driving a vehicle while under the influence of alcohol or a controlled substance. Thus, this Court has previously held that § 32-5A-191(a)(5) "was enacted to cover those situations in which the defendant's mental and/or physical faculties are impaired by some substance other than alcohol or a controlled substance." Sturgeon v. City of Huntsville, 599 So. 2d 92, 94 (Ala. Crim. App. 1992) (emphasis added).

In August 2022, Shiver was brought to trial in the Houston District Court. "Mere seconds before trial was commenced" (R. 6), the State

2

moved to amend the complaint so that, instead of charging Shiver with DUI under § 32-5A-191(a)(5), it charged her with DUI under § 32-5A-191(a)(2), which prohibits a person from operating a vehicle while "[u]nder the influence of alcohol." The district court allowed the amendment over Shiver's objection, and she was subsequently convicted of DUI under § 32-5A-191(a)(2).

Shiver appealed to the circuit court for a trial de novo and then filed a motion to dismiss the complaint, arguing that the district court had improperly allowed the State to amend the charge against her. In support of her motion, Shiver argued that "it is axiomatic that [a] charge cannot be amended … if the amended offense is a different offense," and, according to Shiver, § 32-5A-191(a)(2) and § 32-5A-191(a)(5) "are completely separate offenses." (C. 67, 69.) Shiver also argued that she "was never put on notice or informed, except mere seconds before trial in district court, that she would have to defend a charge … that was related to and/or involved alcohol because the UTTC charged her with violating [§ 32-5A-191(a)(5)]." (C. 68.)

The circuit court held a hearing on Shiver's motion, at which the State argued that § 32-5A-191(a)(2) and § 32-5A-191(a)(5) are not

3

different offenses but, rather, alternative means of proving the same offense, i.e., DUI. The State also argued that Shiver was aware "that it was alcohol that was involved" and was therefore "on notice as far as what the charge was as to DUI." (R. 9.) Thus, according to the State, the district court had properly allowed it to amend the charge against Shiver.

On August 10, 2023, the circuit court dismissed the complaint, finding that "the amendment to the complaint … operated to charge an offense not contemplated by the original complaint, and [Shiver] was not reasonably placed on notice as to the charge she would be required to defend." (C. 88.) The State filed a timely notice of appeal.

Discussion

On appeal, the State contends that the circuit court erred by dismissing the complaint against Shiver, arguing that the court erroneously concluded that the DUI charge had been improperly amended. We agree.

Rule 13.5(a), Ala. R. Crim. P., states:

"A charge may be amended by order of the court with the consent of the defendant in all cases, except to change the offense or to charge new offenses not contemplated by the original indictment. The court may permit a charge to be amended without the defendant's consent, at any time before verdict or finding, if no additional or different offense is

4

charged and if the substantial rights of the defendant are not prejudiced."

(Emphasis added.)

Section 32-5A-191(a) states:

"A person shall not drive or be in actual physical control of any vehicle while:

"(1) There is 0.08 percent or more by weight of alcohol in his or her blood;

"(2) Under the influence of alcohol;

"(3) Under the influence of a controlled substance to a degree which renders him or her incapable of safely driving;

"(4) Under the combined influence of alcohol and a controlled substance to a degree which renders him or her incapable of safely driving; or

"(5) Under the influence of any substance which impairs the mental or physical faculties of such person to a degree which renders him or her incapable of safely driving."

In Stone v. City of Huntsville, 656 So. 2d 404 (Ala. Crim. App. 1994), this Court explained that "[t]he five subsections of § 32-5A-191(a) provide 'alternative methods of proving' the 'single offense of driving under the influence.'" Stone, 656 So. 2d at 413 (quoting Bartlett v. State, 600 So. 2d 336, 342 (Ala. Crim. App. 1991)) (emphasis added). Thus, the State

correctly argues that it did not charge Shiver with a different offense by amending the complaint so that it alleged a violation of § 32-5A-191(a)(2) instead of § 32-5A-191(a)(5). That fact does not end our analysis, though, because Rule 13.5 provides that a charge may be amended without the defendant's consent "if no additional or different offense is charged and if the substantial rights of the defendant are not prejudiced." (Emphasis added.)

The circuit court found that Shiver's substantial rights had been prejudiced by the amended charge because, according to the court, she had not received reasonable notice that the State would be prosecuting her under § 32-5A-191(a)(2) instead of § 32-5A-191(a)(5), which was the charge cited in the UTTC. However, that finding was based on the fact that Shiver had received notice of the amended charge "[m]ere seconds" before her district-court trial began. In other words, the circuit court dismissed the complaint against Shiver based on what the court perceived to be an error in the district-court proceedings.

A defendant who is convicted of an offense in district court has the right to appeal to circuit court for a new trial. Ex parte Sorsby, 12 So. 3d 139, 146 (Ala. 2007). However, when a defendant exercises that right,

6

"review in the circuit court is by trial de novo without any consideration being given to the prior proceedings in the district court," which means that the trial proceeds "'<u>just as if it had originated in the circuit court</u>.'" <u>Id.</u> (quoting <u>Louisville & Nashville R.R. v. Lancaster</u>, 121 Ala. 471, 473, 25 So. 733, 735 (1899)).  Thus, although the circuit court is a court of appeal in that situation, <u>see</u> § 12-12-71, Ala. Code 1975, it does not act as an appellate court in the sense that this Court acts, i.e., by reviewing alleged errors in the lower-court proceedings, but instead tries the case anew.  As the Alabama Court of Civil Appeals has explained, the circuit court's role is "to hear the cause <u>de novo</u> and <u>not</u> to assess the correctness of the district court's judgment."  <u>Casey v. Bingham</u>, 265 So. 3d 288, 292 (Ala. Civ. App. 2018) (emphasis added).  The North Carolina Court of Appeals has similarly explained that,

> "'[i]nasmuch as the trial in the Superior Court is <u>de novo</u>, alleged errors committed in the inferior court must be disregarded.' <u>State v. Crandall</u>, 225 N.C. 148, 154, 33 S.E.2d 861, 864 (1945) (citing <u>State v. Brittain</u>, 143 N.C. 668, 57 S.E. 352 (1907) (other citation omitted)).  As a result, the Superior Court does not engage in appellate review of the correctness of the District Court's rulings in the course of handling an appeal from a District Court conviction."

<u>State v. Petty</u>, 212 N.C. App. 368, 371, 711 S.E.2d 509, 511 (2011).  <u>See also</u> <u>Waters v. Director of Revenue</u>, 588 S.W.3d 209, 215 (Mo. Ct. App.

7

2019) (noting that a trial de novo "is an original proceeding and is not designed or intended to review the underlying … proceeding for alleged error").

Given the foregoing principles, whether Shiver received reasonable notice of the amended charge before her district-court trial should not have been of any concern to the circuit court. Rather, the circuit court should have considered whether Shiver's substantial rights would be prejudiced by having to defend herself against the amended charge <u>in a trial de novo in the circuit court</u>. That said, the notice Shiver received was clearly reasonable with respect to her circuit-court trial because, at the time the complaint was dismissed, she had known for almost one year that the State would be prosecuting her under § 32-5A-191(a)(2) instead of § 32-5A-191(a)(5). Thus, the circuit court erred by concluding that Shiver "was not reasonably placed on notice as to the charge she would be required to defend" <u>in the circuit court</u>.

In short, the amended complaint did not charge Shiver with a different offense, and Shiver has received ample notice that the State will be prosecuting her under § 32-5A-191(a)(2) in her trial de novo in the circuit court. Thus, the circuit court erred by dismissing the complaint

8

against Shiver. We therefore reverse the circuit court's judgment and remand the case for that court to reinstate the complaint against Shiver.

We note in closing that Shiver was not without recourse for challenging the district court's refusal to dismiss the complaint, but the circuit court was not the place for raising that challenge. Rather, Rule 30.2(1), Ala. R. Crim. P., and § 12-12-72(1), Ala. Code 1975, authorized Shiver to appeal the district court's ruling directly to this Court.[1] However, Shiver chose instead to appeal to the circuit court for a trial de novo, and, by doing so, she began the proceedings anew and thus could no longer rightfully complain that she had not received reasonable notice of the amended charge in the district-court proceedings.

REVERSED AND REMANDED.

Windom, P.J., and Kellum, Cole, and Minor, JJ., concur.

---

[1]Rule 30.2(1) and § 12-12-72(1) provide that an appeal to this Court from a district-court judgment requires an "adequate record or stipulation of facts" and that "the right to a jury trial is waived by all parties entitled" to a jury trial. In this case, the parties stipulated to the relevant facts, and Shiver was the only party with a right to a jury trial. See Ex parte Boswell, 558 So. 2d 918, 921 (Ala. 1990) (holding that "the State is not a party entitled to demand a trial by jury on a misdemeanor appeal"). Thus, nothing prevented Shiver from appealing the district court's judgment directly to this Court.